Stephanie Everett
1113 East 215th Street
Bronx, NY 10469

December 17, 2021

*Via email*
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Everett v. New York City Department of Education et al.,
              21-CV-07043 (JPC)
              Plaintiff Pro Se's Letter in Opposition to Defendants' Letter for a
              Pre-Motion Conference seeking to move to dismiss the complaint

Dear Judge Cronan:

      I am Plaintiff *pro* se in this federal employment discrimination case and submit this letter in Opposition to Defendants' letter requesting a pre-motion conference to discuss Defendants' anticipated motion to dismiss the complaint. I respectfully request that the Court deny Defendants' request, as there is not a good faith and efficient basis for Defendants' request to file a proposed motion to dismiss at this time, given the detailed allegations pled in the complaint.

      On August 19, 2021, I filed my complaint against Defendants asserting claims of race discrimination, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"). Defendants now seek permission to file a motion to dismiss my complaint stating I fail to state plausible race discrimination or retaliation claims under Title VII, SHRL and CHRL. I disagree as set forth below.

      Notices of claim have no bearing on my federal claims. *See Collins v. City of New York*, 156 F.Supp.3d 448, 460 (S.D.N.Y. 2016). Similarly, notices of claim do not need to be filed against individual defendants such as principals and assistant principals. N.Y. Educ. Law § 2(13); *Lawson v. New York City Bd. of Educ.,* No. 09 CIV. 1335(JSR)(HBP), 2011 U.S. Dist. LEXIS 127789, 2011 WL 5346091, at *20 (S.D.N.Y. Aug. 30, 2011). Furthermore, when a plaintiff submits a charge of discrimination to an administrative body within the statutory time period and which sufficiently informed the municipality of the claim, the charge has been found to satisfy the notice of claim requirement. *See Mendell v. Salamanca Hous. Auth., 1*2 A.D.3d 1023, 1024 (4th Dept. 2004).  Therefore, the lack of a notice of claim filing here should not bar my claims against any Defendant.

I pled adequate timely Title VII claims within 300 days of the filing of my dual filed SDHR/EEOC complaint on January 6, 2021, dating back to March 12, 2020, including being excessed, being excluded from videoconference staff meetings, being ignored, disregarded and degraded for important school literacy events, and having my probationary period extended in retaliation for filing my SDHR complaint. Furthermore, Governor Andrew Cuomo's COVID-19 related Executive Orders beginning on March 20, 2020, and continuing until November 3, 2020, tolled the deadlines to commence any civil legal action. *See* EO 202.8, 202.14, 202.28, 202.67. In light of the COVID-19 pandemic, the EEOC also recognized that complainants may face challenges that preclude them from meeting the regulatory timeframes set forth in 29 C.F.R. Part 1614 and therefore, instructed that the regulatory timeframes will be subject to the equitable tolling provisions set forth in 29 C.F.R. §1614.604(c). In any event, discriminatory adverse actions that occurred before June 2019 provides relevant background evidence to Plaintiff's timely claims, and are certainly relevant to her hostile work environment claims. *See Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019). Moreover, the continuing violation doctrine provides an exception to untimeliness of claims, as it states that if "a plaintiff has experienced a continuous practice and policy of discrimination …, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004). Finally, to the extent I allege a hostile work environment, such a claim may be timely under a continuing violation theory. Here, I alleged that there was a racist hostile work environment from my administration that commenced during the 2019-20 school year and has continued to the present.

I stated plausible and sufficient claims under Title VII, SHRL, and CHRL based on racial discrimination to proceed to discovery.  The timely adverse employment actions include me being improperly excessed from my school in June 2020 and having my tenure extended at that time.  Ms. Liso also made fun of or mocked my accent and hair at times, and Ms. Liso even recorded me without my permission and posted an unflattering video of me on snapchat without any consequence to her, supporting further evidence of race and/or national origin discrimination.

I also have a valid retaliation claim as I filed an OEO complaint on January 5, 2020, and only four days later, I was observed by AP Yesnick and subsequently had a meeting with her during which she gave me poor ratings and questioned, in a degrading manner, my work ethic.

The following reasons below further prove that my claim of racial discrimination is valid:
    a. My OEO complaint was filed on the advice of Mr. William Woodruff, who serves as the District 7 representative for the Bronx division of the United

      Federation of Teachers (UFT), after I informed him of the mistreatment I received from both Ms. Yesnick and Ms. Liso.

b. On December 16, 2019, not only did Katina Yesnick make a false claim against me, but also District 7 Superintendent Rafael Alvarez, and the school gym teacher Ms. Paredes, both people of color/ Latin descent.

c. Ms. Yesnick also demonstrates this same disrespectful demeanor towards Ms. Purvis, the literacy coach assigned to help me, and another person of color.

d. This level of disrespect continued with Defendant Liso when she made fun of both Ms. Purvis and I, specifically the way we spoke, and my appearance, particularly my hair. For Example, Ms. Liso would ask me, while looking at my hair, "what does your hair really look like?" She does not ask Caucasian teachers at the school similar questions.

e. On January 19, 2018, Ms. Liso made a comment about how I spoke, by stating, "you talk different."

f. Then on January 22, 2018, she continued to make fun of my speech when she repeated a statement I said by dragging my words "I don't understaaaaaaaand,'' you're funny Everett, I don't understaaaaaand, laughing as she is doing this.

g. On February 12, 2018, this behavior was targeted towards Ms. Purvis, where she said among some of the white teachers in the school the following statement ``Ms. Purvis, I think she's slow, yeah she's definitely slow, and she talks funny, ok guuuuuuuys, ok everyooooooone.''`` I don't know how she even got this job.''

h. Lastly, as a result of Defendants' discriminatory treatment of me, I suffered severe emotional distress, and I was on the verge of a nervous breakdown.

      For the reasons stated above, I have more than adequately stated claims under Title VII, the SHRL, and the CHRL. Defendants' request to file a motion to dismiss should be denied at this early stage and the case should move forward to factual discovery.

Thank you very much for your consideration of this request.

      Respectfully submitted,

      s/ Stephanie Everett
      Stephanie Everett

c: Karen K. Rhau, Assistant Corporation Counsel, Attorney for Defendants

3