No. 21 CV 07043 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE N. EVERETT,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
KATINA YESNICK, ANGELA LISO,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karen K. Rhau*
*Tel: (212) 356-2475*
*Matter #:2021-030699*

Bruce Rosenbaum,
Karen K. Rhau
  Of Counsel.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

    POINT I ..................................................................................................................... 4

        PLAINTIFF FAILED TO EXHAUST HER
        ADMINISTRATIVE REMEDIES UNDER TITLE
        VII WITH RESPECT TO HER RETALIATION
        CLAIM ...................................................................................................... 4

    POINT II .................................................................................................................... 5

        PLAINTIFF FAILED TO FILE A NOTICE OF
        CLAIM ...................................................................................................... 5

    POINT III ................................................................................................................... 6

        PLAINTIFF'S TITLE VII CLAIMS ARE
        LARGELY TIME BARRED AND PLAINTIFF'S
        SHRL AND CHRL CLAIMS AGAINST THE
        BOE ARE TIME-BARRED. ................................................................... 6

    POINT IV ................................................................................................................... 7

        YESNICK AND LISO ARE NOT SUBJECT TO
        LIABILITY UNDER TITLE VII, OR AS
        EMPLOYERS UNDER THE SHRL OR THE
        CHRL ........................................................................................................7

    POINT V .................................................................................................................... 8

        THE COMPLAINT FAILS TO STATE A
        PLAUSIBLE CLAIM UNDER FEDERAL,
        STATE, AND LOCAL LAW ................................................................ 8

        A.   Standard Of Review On A Motion To Dismiss
              Pursuant To FRCP 12(b)(6) ................................................................ 8

        B.   Plaintiff Fails To State A Claim For Disparate
              Treatment Under Title VII, The SHRL And
              The CHRL .......................................................................................... 9

i

C.  Plaintiff Fails To State A Plausible Claim For
    Retaliation Under Title VII, The SHRL And
    The CHRL ....................................................................................... 15

D.  Plaintiff Fails To State A Claim For A Hostile
    Work Environment Claim Under Title VII, The
    SHRL And The CHRL ...................................................................... 19

CONCLUSION................................................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alfano v. Costello,
  294 F.3d 365 (2d Cir. 2002)....................................................................................20

Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,
  9 N.Y.3d 367 (2007) .............................................................................................5, 6

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...................................................................................................9

Atkins v. Rochester City Sch. Dist.,
  764 Fed. Appx. 117 (2d Cir. 2019)..........................................................................11

Boyar v. Yellen,
  No. 21-507, 2022 U.S. App. LEXIS 1005 (2d Cir. Jan. 13, 2022).........................10

Brailsford v. Zara USA, Inc.,
  14 Civ. 6999 (LGS), 2015 U.S. Dist. LEXIS 47149 (S.D.N.Y. Apr. 10, 2015)...................4, 5

Brennan v. Metropolitan Opera Ass'n,
  192 F.3d 310 (2d Cir. 1999).....................................................................................20

Brown v. City of New York,
  No. 14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 159202 (S.D.N.Y. Nov. 11,
  2014) ........................................................................................................................18

Burlington N. & Santa Fe Ry. v. White,
  548 U.S. 53 (2006)....................................................................................................16

Carrington v. New York City Human Res. Admin.,
  No. 19 Civ. 10301, 2020 U.S. Dist. LEXIS 83838 (S.D.N.Y. May 12, 2020)........20

Chung v. City Univ. of N.Y.,
  No. 12 Civ. 4045 (GBD) (RLE), 2014 U.S. Dist. LEXIS 124601 (S.D.N.Y.
  Aug. 27, 2014) .........................................................................................................15

Clark Cty. Sch. Dist. v. Breeden,
  532 U.S. 268 (2001)..................................................................................................16

Cruz v. Coach Stores, Inc.,
  202 F.3d 560 (2d Cir. 2000)......................................................................................17

DiFolco v. MSNBC Cable, L.L.C.,
    622 F.3d 104 (2d Cir. 2010)...........................................................................2

Doe v. Bloomberg, L.P.,
    178 A.D.3d 44 (1st Dep't 2019), aff'd, 36 N.Y.3d 450 (2021) ...........................7, 8

Ellis v. N.Y. Dep't of Educ.,
    No. 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11,
    2020) ..........................................................................................................12

Fairbrother v. Morrison,
    412 F.3d 39 (2d Cir. 2005), abrogated on other grounds by Burlington N. &
    Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).......................................................11

Ferrante v. American Lung Ass'n,
    90 N.Y.2d 623 (1997) ................................................................................. passim

Galabya v. N.Y.C. Bd. of Educ.,
    202 F.3d 636 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013) ...........................10

Galimore v. City Univ. of N.Y. Bronx Cmty. College,
    641 F. Supp. 2d 269 (S.D.N.Y. 2009)......................................................................16

Gordon v. N.Y.C. Bd. of Educ.,
    232 F.3d 111 (2d Cir. 2000)......................................................................................16

Green v. McLaughlin,
    480 Fed. App'x 44 (2d Cir. 2012)..............................................................................9

Harris v. Forklift Sys., Inc.,
    510 U.S. 17 (1993)....................................................................................................20

Leehim v. New York City Dep't of Educ.,
    17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747 (S.D.N.Y. Nov. 21,
    2017) ..........................................................................................................10

Lipsman v. Cortés-Vázquez,
    No. 21-CV-4631 (JMF), 2021 U.S. Dist. LEXIS 234203 (S.D.N.Y. Dec. 7,
    2021) ............................................................................................................9

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015).............................................................................8, 9, 13

MacAlister v. Millenium Hotels & Resorts,
    No. Civ. 6189 (ER), 2018 U.S. Dist. LEXIS 191775 (S.D.N.Y. Nov. 8, 2018)...............14, 15

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
    483 Fed. App'x 660 (2d Cir. 2012).........................................................................10

iv

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)..................................................................................8, 9, 15

McGuire-Welch v House of the Good Shepherd's Tilton Sch.,
    720 Fed. App'x 58 (2d Cir. 2018)........................................................................15

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dep't 2012) ......................................................................9, 19

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013)............................................................................10, 22

Moore v. Verizon,
    No. 13-CV-6467 (RJS), 2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5,
    2016) ........................................................................................................................22

Newsome v. IDB Capital Corp.,
    No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. 2016)............12

Ochoa v. N.Y.C. Dep't of Educ.,
    No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901 (S.D.N.Y. Nov. 22,
    2021) ......................................................................................................................5, 6

Ortiz v. Ardolino,
    No. 19-CV-0069 (ILG)(ST), 2021 U.S. Dist. LEXIS 97387 (E.D.N.Y. May
    21, 2021) ..................................................................................................................16

Peas v. City of New York,
    No. 19 Civ. 7693 (KPF), 2021 U.S. Dist. LEXIS 120030 (S.D.N.Y. June 28,
    2021) ........................................................................................................................18

Philbert v. City of N.Y.,
    2022 U.S. Dist. LEXIS 3997 (S.D.N.Y. Jan. 7, 2022)..........................................11

Ramirez v. Michael Cetta Inc.,
    No. 19-cv-986(VEC), 2020 U.S. Dist. LEXIS 180619 (S.D.N.Y. Sept. 30,
    2020) ........................................................................................................................21

Rowe v. N.Y. State Dep't of Taxation & Fin.,
    786 Fed. Appx. 302 (2d Cir. 2000)........................................................................6

Ruiz v. County of Rockland,
    609 F.3d 486 (2d Cir. 2010)..............................................................................9, 10

Scalercio-Isenberg v. Morgan Stanley Servs Grp.,
    No. 19-cv-6034 (JPO), 2019 U.S. Dist. LEXIS 220103 (S.D.N.Y. Dec. 19,
    2019) ..........................................................................................................................7

Shepheard v. City of New York,
    577 F. Supp. 2d 669 (S.D.N.Y. 2008)......................................................................5

Singer v. N.Y.C. Health & Hosps. Corp.,
    No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752 (E.D.N.Y. June 2,
    2020) ...................................................................................................................14

Slattery v. Swiss Reinsurance Am. Corp.,
    248 F.3d 87 (2d Cir. 2001)..................................................................................19

Tenemille v. Town of Ramapo,
    No. 18-CV-724 (KMK), 2022 U.S. Dist. LEXIS 6936 (S.D.N.Y. Jan. 13,
    2022) .....................................................................................................................7

Tortorici v. Bus-Tev, LLC,
    No. 17-cv-7507 (PAC)(KHP), 2021 U.S. Dist. LEXIS 120627 (S.D.N.Y. June
    28, 2021) ..............................................................................................................20

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)............................................................................12, 16

Ya-Chen Chen v. City Univ. of N.Y.,
    805 F.3d 59 (2d Cir. 2015)..................................................................................17

**Statutes**

Civil Rights Act of 1964, Title VII, 42 U.S.C. §§ 2000e, et seq. ......................... *passim*

New York City Administrative Code §§ 8-101, et seq. ....................................... *passim*

New York Educ. Law §§ 3813(1) and 3813(2-b) ....................................................5, 6

New York State Executive Law §§ 290, et seq. ................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b) ...............................................................................................2, 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

STEPHANIE N. EVERETT,

                                        Plaintiff,        No.  21 CV 07043 (JPC)

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
KATINA YESNICK, ANGELA LISO,
                                        Defendants.
---------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff, Stephanie Everett, employed as an elementary school teacher by the Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), commenced this action pro se, on August 19, 2021, claiming that the BOE, P.S./M.S. 31 Assistant Principal Katina Yesnick ("AP Yesnick"), and P.S./M.S. 31 teacher Angela Liso ("Liso"), (collectively, "Defendants"), violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the New York State Executive Law §§ 290, et seq. ("SHRL"), and the New York City Administrative Code §§ 8-101, et seq. ("CHRL").  Specifically, Plaintiff claims that she was discriminated against because of her race, subjected to a hostile work environment, and retaliated against in violation of her rights under Title VII, the SHRL and the CHRL.  According to Plaintiff, this discrimination included poorly rated observations, an unjustified disciplinary letter, being ignored by AP Yesnick and Liso, being excessed from

P.S./M.S. 31 and the decision by unnamed individuals at her new school, P.S. 63 to not grant her tenure and extend her probationary period.

Defendants now move pursuant to Fed. R. Civ. P. 12(b), to dismiss the Complaint ("Compl.") on the following grounds: (1) Plaintiff failed to exhaust, in part, her administrative remedies under Title VII with respect to her retaliation claim; (2) Plaintiff fails to comply with notice of claim requirements regarding her SHRL/CHRL claims against the BOE; (3) Plaintiff's Title VII claims are largely time-barred; (4)AP Yesnick And Liso are not subject to liability under Title VII, the SHRL Or the CHRL; and (5) Plaintiff otherwise fails to state a plausible claim under federal, state, or city law.

## STATEMENT OF FACTS[1]

Plaintiff, who self-identifies as black, of Caribbean descent, has been an elementary school teacher for BOE since September 2017.  See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 1.  Plaintiff was excessed from P.S./M.S. 31 in the summer of 2020 and began working as a kindergarten teacher at P.S. 63 in the Bronx, NY.  Id. at ¶ 4. Before her excess however, Plaintiff claims that she experienced discrimination, was retaliated against, and subjected to a hostile work environment because of her race.  Id.

According to Plaintiff, she received overall Effective annual performance evaluations from AP Yesnick, who is white, for the 2017-2018 and 2018-2019 school years. Plaintiff alleges that she began receiving negative ratings by Yesnick during the 2019-2020

---

[1] This statement of facts is derived from the allegations in the Complaint herein (ECF Dkt. No. 1) and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only. In addition, Defendants rely upon the SDHR Complaint annexed to the Declaration of Karen K. Rhau dated January 28, 2022 ("Rhau Decl.").  See DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). This exhibit annexed thereto is incorporated by reference in the Complaint and/or is integral to the Complaint and may thus be considered for the purposes of deciding this this motion to dismiss.  See id.

school year.  Id. at ¶ 8.  Plaintiff did not receive a final rating that year due to the pandemic, but was excessed from the school at the end of the 2019-2020 school year.  Id.  Plaintiff's first informal classroom observation for the 2019-2020 school year took place on November 22, 2019.  Id. at ¶ 14.  At a December 3, 2019 meeting to discuss this classroom observation, Plaintiff claims Yesnick "disregarded [her] expertise as an educator, and compared [her] to the white teacher Ms. Liso."  Id. at ¶ 14.  Plaintiff states that she was compared to Liso when Yesnick made the following statement, "Maybe teaching is not for you, and you're lucky you have someone, poor Ms. Liso has no one, she feels so overwhelmed, she had the high class last year, but this year Ms. Liso has the Ell's (English language learners)."  Id. at ¶ 14.  Several days after this meeting, Plaintiff received a copy of her literacy lesson observation completed by Yesnick, which showed scores of ineffective in some categories.  Id. at ¶ 19.

Shortly after Plaintiff's meeting with Yesnick on December 3, 2019, Plaintiff states that she received an unjustified disciplinary letter on December 20, 2019.  Id. at ¶ 20. Plaintiff received the disciplinary letter because she did not attend a CTLE (Continuing Teacher and Leader Education) professional development session on December 9, 2019.  Id. at ¶ 21.  On January 27, 2020, Plaintiff met with Yesnick to discuss her second informal observation which was conducted on January 9, 2020.  Id. at ¶ 23.  Plaintiff alleges that she received an unfavorable ratings on this literacy lesson observation.  Id. at ¶ 23.

In addition to negative ratings, Plaintiff claims she was discriminated against because she was ignored at a math work workshop, see id. at ¶ 12, excluded from a grade-based meeting in late May 2020 and ignored at a June 1, 2020 meeting.  Id. at ¶¶ at 24-25.

In her federal Complaint, Plaintiff alleges that she filed internal EEO complaint with the BOE on January 5, 2020 and a discrimination complaint with the New York State

Division of Human Rights ("SDHR") on or about January 6, 2021[2]. Id. at ¶¶ at 22, 30. As a result of her complaint with the SDHR, Plaintiff alleges that she continues to experience retaliation due to her tenure being extended at P.S. 63 at the end of the 2020-2021 school year by different supervisors at a different school. According to Plaintiff, she was told that her rating at P.S./M.S. 31 is the reason for the extension. Id. at ¶ 30.

On August 19, 2021, Plaintiff commenced this action.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES UNDER TITLE VII WITH RESPECT TO HER RETALIATION CLAIM

"Exhaustion of remedies is a precondition to suit [under Title VII] . . . .a plaintiff typically may raise in a district court complaint only those claims that either were included in or reasonably related contained in her EEOC charge." Brailsford v. Zara USA, Inc., 14 Civ. 6999 (LGS), 2015 U.S. Dist. LEXIS 47149, at *13 (S.D.N.Y. Apr. 10, 2015). Claims are "reasonably related" they are based upon actions that are "expected to grow out of the charge that was made." Brailsford, 2015 U.S. Dist. LEXIS at 13 (citing Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006)). The focus of this inquiry is based upon whether the EEOC complaint gave "adequate notice" to investigate the discrimination claim. Id.

Like the plaintiff in Brailsford, here, Plaintiff's SDHR Complaint failed to provide notice for an investigation into a retaliation claim. In Plaintiff's SDHR complaint form, Plaintiff only checked as a basis of alleged discrimination, "Race/Color or Ethnicity" and fails to

---

[2] The SDHR complaint was received by the SDHR on January 12, 2021. See date stamp on Ex. A annexed to the Rhau Decl.

check the box for "Retaliation." See ECF Dkt. No. 1 at p. 14, § 7; see also Ex. A at p. 2, § 7.

Notably, Plaintiff also fails to mention any facts alluding to retaliation based on protected

activity in the attached documents to her SDHR claim. See ECF Dkt. No. 1 at pp. 20-24, ¶¶ 1-18;

see also Ex. A, Addendum to SDHR complaint at ¶¶ 1-18.[3]   As such, Plaintiff has failed to

exhaust her administrative remedies with respect to her Title VII retaliation claim and said claim

must be dismissed.  See Brailsford, 2015 U.S. Dist. LEXIS at 13; Shepheard v. City of New

York, 577 F. Supp. 2d 669, 680 (S.D.N.Y. 2008) (finding plaintiff's retaliation claim not

reasonably related to EEOC charge since plaintiff did not allege retaliation as a basis for the

discrimination claim and did not allege facts that would lead investigator to inquire into

retaliatory actions).

## POINT II

### PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM

Plaintiff failed to file a notice of claim against Defendant BOE, and the Complaint

is devoid of any allegation that she has done so, as required under New York Education Law

§3813(1).  See N.Y. Educ. Law § 3813(1); See Ochoa v. N.Y.C. Dep't of Educ., No. 20-CV-

9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *5 (S.D.N.Y. Nov. 22, 2021); Amorosi v. S.

---

[3] Although the retaliation box on Plaintiff's SDHR Complaint is not checked, ¶ 6 of the SDHR
Facts Addendum states: "I believe that I am being retaliated against by AP Yesnick in the form
of a negative observation rating and an unjustified disciplinary letter in my file (falsely stating I
was not present at a professional development session), because of my race and her close
relationship with Angela Liso, a white first grade teacher at the school. [Assistant] Principal
Yesnick and Angela Liso are both Caucasian, and I am black of Caribbean descent."  However,
she does not allege anywhere in her SDHR Complaint that she engaged in protected activity
under the SHRL prior to filing the January 12, 2021 SDHR Complaint.  Further, her allegation
that she was "retaliated against" is clearly Plaintiff's way of describing that she received the
"negative observation rating and an unjustified disciplinary letter . . . because of [her] race" and
not because she previously had engaged in activity protected under the SDHR.

Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). Accordingly, Plaintiff's SHRL and

CHRL claims in this lawsuit against the BOE must be dismissed.

**POINT III**

**PLAINTIFF'S TITLE VII CLAIMS ARE
LARGELY TIME BARRED AND
PLAINTIFF'S SHRL AND CHRL CLAIMS
AGAINST THE BOE ARE TIME-BARRED.**

Plaintiff's Title VII claims that accrued prior to March 18, 2020 are time barred.

To claim a violation of Title VII in New York, a charge of discrimination must be filed with the

EEOC within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e); see also

Rowe v. N.Y. State Dep't of Taxation & Fin., 786 Fed. Appx. 302, 304 (2d Cir. 2000). Everett

filed her discrimination charge on January 12, 2021. See SDHR Verified Complaint annexed to

the Rhau Decl. as Ex. A. Therefore, to the extent that Everett's Title VII claims are based upon

alleged conduct that occurred 300 days prior to that date, or prior to March 18, 2020, those

claims are time-barred. This includes her claims of receipt of negative observation ratings dated

November 22, 2019 and January 9, 2020, a disciplinary letter dated December 20, 2019 and a

allegation that she was ignored by Defendants Yesnick and Liso on March 13, 2019. Further,

Plaintiff's SHRL and CHRL claims against the BOE are subject to a one-year statute of

limitations. See N.Y. Educ. Law §§ 3813(1) and 3813(2-b); See Ochoa v. N.Y.C. Dep't of

Educ., No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *5 (S.D.N.Y. Nov. 22, 2021);

Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). The last "adverse

action" about which Plaintiff complains occurred on June 1, 2020 when she claims to have been

ignored by AP Yesnick. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 25.

However, this action was commenced more than one year later on August 19, 2021. See ECF

Dkt. No. 1.  Accordingly, Plaintiff's SHRL and CHRL claims in this lawsuit against the BOE must be dismissed.

**YESNICK AND LISO ARE NOT SUBJECT TO LIABILITY UNDER TITLE VII, OR AS EMPLOYERS UNDER THE SHRL OR THE CHRL**

Yesnick and Liso are not subject to liability under Title VII, or as employers under the SHRL or the CHRL and so this Court should dismiss all claims brought against the individual defendants, Yesnick and Liso.  First, it is well established that "individual defendants cannot be held liable under Title VII."  See Tenemille v. Town of Ramapo, No. 18-CV-724 (KMK), 2022 U.S. Dist. LEXIS 6936, at *23-24 (S.D.N.Y. Jan. 13, 2022).  As such, the Title VII claims must be dismissed against Defendants Yesnick and Liso.

Under the SHRL and CHRL there is no individual liability as an employer where an individually-named defendant did not have ownership interest in a company or have authority to carry out personnel decisions without prior approval from Human Resources or the managing director.  See Doe v. Bloomberg, L.P., 178 A.D.3d 44, 49-50 (1st Dep't 2019), aff'd, 36 N.Y.3d 450 (2021); see also N.Y. Exec. L. § 296(6); N.Y.C. Administrative Code § 8-107(13)(b)(1).  Individual liability requires "[a]ctual participation in conduct giving rise to a discrimination claim."  Scalercio-Isenberg v. Morgan Stanley Servs Grp., No. 19-cv-6034 (JPO), 2019 U.S. Dist. LEXIS 220103 at *19 (S.D.N.Y. Dec. 19, 2019) (citing Villar v. City of N.Y., 135 F. Supp. 3d 105, 143 (S.D.N.Y. 2015)).  Plaintiff's allegations regarding Liso are minimal.  Plaintiff alleges Liso made a comment about a kindergarten-2nd grade literacy coach, who is black, by saying she was "useless" and "doesn't know what she is doing."  See ECF Dkt. No. 1, Compl. at ¶ 12.  This is the extent of Liso's conduct---which could hardly be considered violative of one's

SHRL or CHRL rights. Not once in Plaintiff's complaint was Liso alleged to have made any comments about Plaintiff's race, or even that she participated in any alleged discriminatory conduct based on race. Plaintiff also never alleges that Liso directly supervised Plaintiff's employment or had any power to do more than carry out the personnel decisions of others. Indeed, Plaintiff acknowledges that Liso was merely another teacher at Plaintiff's school. See ECF Dkt. No. 1, Addendum to Federal Complaint at ¶¶ 9, 19.

As with Liso, Plaintiff fails make any allegations that attribute liability to Yesnick as an employer under the SHRL and the CHRL. Plaintiff fails to allege that Yesnick has an ownership interest or has authority to carry out personnel decisions without prior approval from Human Resources or the managing director. Doe, 178 A.D.3d at 49-50. The conduct complained of involves negative performance ratings that Yesnick gave to Plaintiff as well as an unjustified disciplinary letter, and Yesnick's relationship with Liso. However, as discussed in greater detail below in Point V, Plaintiff fails to provide any facts that would suggest the aforementioned actions were discriminatory in any way or rose to the level of actionable adverse employment actions. Accordingly, this Court should dismiss all Title VII, SHRL, and CHRL claims against Yesnick and Liso since they cannot be subject to liability.

**POINT V**

**THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM UNDER FEDERAL, STATE, AND LOCAL LAW**

**A. Standard Of Review On A Motion To Dismiss Pursuant To FRCP 12(b)(6)**

In the context of an employment discrimination complaint, the "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in the first stage of the litigation." See Littlejohn v. City of New York, 795 F.3d 297 at 310 (2d Cir. 2015). In applying this standard,

the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." See id. Thus, although the Court is obliged to construe Plaintiff's pleadings liberally, to survive a motion to dismiss, a pro se plaintiff must still plead sufficient facts to state a claim that is plausible on its face. See Lipsman v. Cortés-Vázquez, No. 21-CV-4631 (JMF), 2021 U.S. Dist. LEXIS 234203, at *2-3 (S.D.N.Y. Dec. 7, 2021); accord Green v. McLaughlin, 480 Fed. App'x 44, 46 (2d Cir. 2012) (summary order).

B.      **Plaintiff Fails To State A Claim For Disparate Treatment Under Title VII, The SHRL And The CHRL**

Everett fails to plausibly plead that she was subjected to an actionable adverse employment action or that the conduct about which she complains occurred under circumstances giving rise to even a minimal inference of discriminatory animus. See Littlejohn v. City of N.Y., 795 F.3d at 311 (2d Cir. 2015). Claims of disparate treatment under Title VII, the SHRL, and the CHRL are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (Title VII); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629 (1997) (SHRL); Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112-13 (1st Dep't 2012) (noting the continued applicability of the McDonnell Douglas framework in analyzing discrimination claims under CHRL).

To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) [she] is a member of a protected class; (2) [she] was qualified for the

position he held; (3) [she] suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." See Ruiz, 609 F.3d at 491-92. "[A] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 Fed. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013)). For an employment action to be considered materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. Materially adverse actions include, "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Galabya., 202 F.3d at 640. Under the CHRL's more liberal standard, Plaintiff needs to show that " [she][was] treated less well than other employees because of [her] race…." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013).

        Plaintiff's Title VII claims fail. The only conduct within the statutory period that survives is the alleged exclusion from the grade-based meeting in late May 2020, and the fact that she was ignored at a school literacy event. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶¶ 24-25. However, "[e]xclusion from meetings. . . . does not constitute an adverse employment action." Leehim v. New York City Dep't of Educ., 17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *9 (S.D.N.Y. Nov. 21, 2017). Plaintiff also claims she was ignored, however ignoring amounts to nothing more than a "petty slight." Id. at 10; see also Boyar v. Yellen, No. 21-507, 2022 U.S. App. LEXIS 1005, at *6-7 (2d Cir. Jan. 13, 2022) (allegations that plaintiff's supervisor 1) told him to go back to his desk or she would "[w]ring

[his] neck"; (2) yelled at him demanding his employee identification number "now"; (3) ignored him at a meeting; (4) yelled at him "very loudly"; and (5) told him he had 90 minutes to complete two certification exams, when he had 60 minutes to complete each did not rise to the level of actionable employment actions or a hostile work environment).  Nor do Plaintiff's claims that she received poor performance ratings or a disciplinary letter rise to the level of adverse employment actions under either Title VII or the SHRL.

At the outset, negative observation ratings, without termination of employment, loss of benefits or a significantly diminished responsibilities, do not constitute adverse employment actions.  See Atkins v. Rochester City Sch. Dist., 764 Fed. Appx. 117, 119 (2d Cir. 2019); Fairbrother v. Morrison, 412 F.3d 39, 56-57 (2d Cir. 2005) (collecting cases and concluding that an "unsatisfactory" evaluation with no negative impact on compensation, benefits, or title was not an adverse employment action), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).  Plaintiff's complaint is devoid of any facts indicating that she was terminated, that she received a less distinguished title, a material loss of benefits, or that she even received a decrease in wage or salary because of the negative observation ratings.  Id.  Nor does she allege that she suffered significant adverse consequences amounting to a change in the terms and conditions of her employment as a result of the disciplinary letter she received.  A negative performance evaluation or official reprimand only constitutes an adverse employment action where negative ramifications in the conditions of employment result.  See Philbert v. City of N.Y., 2022 U.S. Dist. LEXIS 3997, at *61 (S.D.N.Y. Jan. 7, 2022).  Therefore, Plaintiff's claims based on negative observation ratings and the disciplinary letter fail.

Nor does Plaintiff plausibly allege facts tending to show that the putative adverse employment actions about which she complains were motivated by racial animus. Plaintiff alleges the following actions against Yesnick were based upon race: (1) negative observation ratings that she received during the 2019-2020 school year; (2) criticism that Plaintiff received during meetings with Yesnick; (3) being ignored at meetings; and (4) receiving a disciplinary letter. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶¶ 9, 11, 14, 17, 19-21, and 24.

Plaintiff fails to plausibly plead that the above actions were motivated by racial animus toward her. Plaintiffs must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). Although Plaintiff may raise an inference of discrimination based on her race by alleging that she was treated less favorably than a similarly situated employee, such allegations must demonstrate that the other employee was "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'" Newsome v. IDB Capital Corp., No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754, at *45-46 (S.D.N.Y. 2016) (citing McGuinness v. Lincoln Hall, 262 F.3d 49, 54 (2d Cir. 2001)); see also Ellis v. N.Y. Dep't of Educ., No. 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446, *9 (S.D.N.Y. Mar. 11, 2020) ("a plaintiff must allege that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (citations and quotations omitted). Such an inference can arise from circumstances including "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence

of events leading to the [adverse action]." Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015) (quoting Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)).

Here, Plaintiff fails to plausibly plead facts suggesting even a minimal inference of race discrimination. Plaintiff presents no direct evidence that Defendants discriminated against her on the basis of her race. Plaintiff offers only conclusory allegations that race was a motivating factor behind her allegedly disparate treatment and does not allege facts from which even a minimal inference of race based animus may be inferred. Plaintiff has not pleaded that Defendants have criticized her performance in ethnically degrading terms or that there were "invidious comments" about black teachers at P.S./M.S. 31. Furthermore, Plaintiff has failed to provide any facts that show that any of the teachers, not in the protected group, were treated more favorably. Besides the fact that Plaintiff has alleged Defendants have engaged in friendly conversation with teachers not in the protected group, that is as far as Plaintiff's arguments can go. Defendants were friendly with teachers not in the protected group; but Plaintiff cannot make the argument, based on the allegations in her complaint, that teachers not in her protected class were treated better than Plaintiff in any way. Plaintiff has not alleged those teachers were sufficiently similar to her but yet were given more opportunities, more favorable ratings, or any kind of other favorable treatment.

Rather, she alleges that Defendants falsely claimed that an African American kindergarten-second grade literacy coach, Ms. Purvis was useless, and doesn't know what she is doing. See ECF Dkt. No. 1 Compl., Addendum to Federal Complaint at ¶¶ 11, 12. There were no allegations made that Defendants made any comments pertaining to this other teacher's race, or that Ms. Purvis' performance was somehow related to her race. Plaintiff provides no facts

whatsoever showing that Defendants acted in a discriminatory manner toward Ms. Purvis or even that that conduct was probative of discrimination toward Plaintiff.

Plaintiff also alleges that Yesnick criticized her and compared her to Liso during meetings regarding her observations. Plaintiff claims that on December 3, 2019, Yesnick "disregarded my expertise as an educator and compared me to the white teacher Ms. Liso by saying the following statement, maybe teaching is not for you, and you're lucky you have someone, poor Ms. Liso has no one. . . ." See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 14. Plaintiff fails to show how Liso and Plaintiff were similarly situated and that Liso received more favorable treatment. If anything, the Complaint appears to allege that Liso received worse treatment than Plaintiff because Liso was required to teach her class without the help the Plaintiff had been provided. Id. at ¶ 14. In addition, Plaintiff fails to show how Yesnick's refusal to hire a Latin woman of Caribbean descent to be a co-teacher in Plaintiff's classroom is probative of any discrimination against Plaintiff. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 15. In essence, Plaintiff's evidence of racial animus amounts to mere speculation and subjective belief. Her reasoning boils down to the false syllogism: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." See Singer v. N.Y.C. Health & Hosps. Corp., No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752, at *18 (E.D.N.Y. June 2, 2020).

Even under the liberal standard of CHRL, Plaintiff still fails to show that the actions about which she complains of demonstrate that she was treated less well than other employees because of her race. See MacAlister v. Millenium Hotels & Resorts, No. Civ. 6189 (ER), 2018 U.S. Dist. LEXIS 191775 at *21 (S.D.N.Y. Nov. 8, 2018). All one could gather from

Plaintiff's complaint about other employees is that there are other teachers in P.S./M.S. 31, who are white and that there is at least one other teacher in P.S./M.S. 31 who is black and she is the kindergarten-2nd grade literacy coach. Plaintiff does not provide information or examples of situations where she was treated less well than some of her white colleagues. Id. at 22. She does not compare herself in any substantive manner to Liso or any other white teacher at P.S./M.S. 31, so one cannot tell from the complaint whether Liso or any other white teacher was treated better than Plaintiff.

**C.** **Plaintiff Fails To State A Plausible Claim For Retaliation Under Title VII, The SHRL And The CHRL**

Plaintiff fails to state a plausible claim for retaliation under Title VII, the SHRL, and the CHRL. As a preliminary matter, Defendants note, as set forth in Point I above, Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII retaliation claim and said claim must be dismissed. Further, as set forth above in Point IV, Defendants Yesnick and Liso are not liable as employers under the SHRL and CHRL. In any event, to adequately plead a prima facie case of retaliation under Title VII or SHRL[4], a plaintiff must plausibly demonstrate that (1) [t]he [employee] engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse action; and (4) the protected activity was the but-for cause of the alleged adverse employment action. See Chung v. City Univ. of N.Y., No. 12 Civ. 4045 (GBD) (RLE), 2014 U.S. Dist. LEXIS 124601, at *7-8 (S.D.N.Y. Aug. 27, 2014) (citing Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 844 (2d Cir. 2013)). Under Title VII and the SHRL a retaliation plaintiff must show that the challenged action must be "materially adverse," but not trivial, defined as an action that "well might have dissuaded a

---

[4] Retaliation claims under SHRL are also governed by the standard set forth by the Supreme Court in McDonnell Douglas Corp. v Green. See McGuire-Welch v House of the Good Shepherd's Tilton Sch., 720 Fed. App'x 58 (2d Cir. 2018).

reasonable worker from making or supporting a charge of discrimination."  See <u>Burlington N. &</u>
<u>Santa Fe Ry. v. White</u>, 548 U.S. 53, 67-70 (2006).  Unlawful retaliation claims under the CHRL
are analyzed under a similar rubric.  The plaintiff "must show (1) he or she engaged in a
protected activity as that term is defined under the CHRL, (2) his or her employer was aware that
he or she participated in such activity, (3) his or her employer engaged in conduct which was
reasonably likely to deter a person from engaging in that protected activity, and (4) there is a
causal connection between the protected activity and the alleged retaliatory conduct."  See <u>Ortiz</u>
<u>v. Ardolino</u>, No. 19-CV-0069 (ILG)(ST), 2021 U.S. Dist. LEXIS 97387, at *9 (E.D.N.Y. May
21, 2021).

 To sufficiently plead causation under Title VII or the SHRL, a plaintiff "must
plausibly allege that the retaliation was a 'but for' cause of the employer's adverse action."  <u>See</u>
<u>Vega</u>, 801 F.3d at 90 (citing <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338 (2013)).  A
causal connection may be established either: "(1) indirectly, by showing that the protected
activity was followed closely by discriminatory treatment, or through other circumstantial
evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2)
directly, through evidence of retaliatory animus directed against the plaintiff by the defendant."
<u>Gordon v. N.Y.C. Bd. of Educ.</u>, 232 F.3d 111, 117 (2d Cir. 2000) (citation omitted).  Proximity
in time between a protected action and alleged retaliatory conduct is generally insufficient unless
it is "very close."  <u>See</u> <u>Clark Cty. Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001); <u>see</u> <u>also</u>
<u>Galimore v. City Univ. of N.Y. Bronx Cmty. College</u>, 641 F. Supp. 2d 269, 288 (S.D.N.Y. 2009)
("[D]istrict courts within the Second Circuit have consistently held that the passage of two to
three months between the protected activity and the adverse employment action does not allow
for an inference of causation.").  In contrast, under the CHRL, a plaintiff is not required to show

but-for causation. A plaintiff must show that defendants engaged in some prohibited conduct and that their decision to do so was "caused at least in part by . . . retaliatory motives." See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 76 (2d Cir. 2015).

Regardless of how her retaliation claims are analyzed, Plaintiff fails to state a plausible retaliation claim. With respect to alleged retaliatory acts by the Defendants, Plaintiff alleges the following: (1) that she was retaliated against when she received an unjustified disciplinary letter on December 20, 2019 because she refused a Christmas gift from Liso; and that (2) that she was retaliated against by having her tenure extended at her new school P.S. 63 at the end of the 2020-2021 school year. As to protected activity, Defendants concede that Plaintiff engaged in protected activity when on January 5, 2020 she filed an OEO compliant with BOE, and when she filed the SDHR complaint on January 12, 2021. See Ex. A annexed to Rhau Decl., Everett SDHR Verified Complaint, Case no. 10210583.

Plaintiff's retaliation claims fails under all of the statutes alleged in this action. First, Plaintiff alleges that she was retaliated against when she received an unjustified disciplinary letter on December 20, 2019. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 20. However, Plaintiff fails to allege in her complaint the protected activity that she engaged in before the alleged retaliatory act. Plaintiff states that she received the disciplinary letter the same day she refused a Christmas gift from Liso. Id. However, refusing a Christmas gift does not constitute an "action taken to protest or oppose statutorily prohibited discrimination." See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000). Plaintiff makes no allegations in her complaint concerning her engaging in protected activity prior to December 20, 2019.

Plaintiff claims that since she filed her SDHR complaint she experienced retaliation by having her tenure extended in her new school P.S. 63 at the end of the 2020-2021 school year.  See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 30.  Plaintiff filed her SDHR complaint on January 12, 2021.  See Ex. A.  Plaintiff started her position at P.S. 63 in September of 2020.  See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 5.  And according to Plaintiff the principal at P.S. 63 extended her tenure at the end of the school year in 2021, which is approximately five months after Plaintiff filed her SDHR complaint.  Firstly, there is nothing to suggest in Plaintiff's federal complaint that the principal of P.S. 63, her new school, was aware that she filed an SDHR complaint—a prerequisite to establishing a retaliation claim.  See Peas v. City of New York, No. 19 Civ. 7693 (KPF), 2021 U.S. Dist. LEXIS 120030, at *42 (S.D.N.Y. June 28, 2021) (concluding that Plaintiff failed to state a retaliation claim because he did not adequately allege relevant Defendants' knowledge of protected activity or causal connection).

Assuming *arguendo* that the extension of Plaintiff's tenure at P.S. 63 is an actionable materially adverse employment action, Plaintiff has failed to show that the protected activity, the filing of the SDHR complaint, was the but-for cause (or even a motivating factor) of the alleged adverse employment action.  Here Plaintiff fails to show any "direct evidence of retaliatory animus."  Peas, 2021 U.S. Dist. LEXIS 120030 at 43.  Plaintiff filed the SDHR complaint at least five months before the alleged retaliatory act, too far to be considered the but for cause of the alleged retaliatory act.  See Brown v. City of New York, No. 14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 159202, at *4 (S.D.N.Y. Nov. 11, 2014) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the

protected activity and the adverse employment action does not allow for an inference of causation.").

Similarly, Plaintiff has failed to allege a retaliation claim based on her protected activity of filing an OEO complaint with BOE on January 5, 2020. While Plaintiff's complaint does not specify, Plaintiff's complaint seems to allege that she received unfavorable ratings after the filing of the OEO complaint. Although Plaintiff received an unfavorable rating a few weeks after her filing, Plaintiff does not allege facts sufficient to suggest that AP Yesnick knew that such a complaint had been filed a mere four days previously or that the rating was issued *because of* her protected activity. Also, this second poor classroom observation was merely a continuation of poor observations noted prior to filing the January 5, 2020 OEO complaint.. <u>See</u> ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 23. Plaintiff's first negative observation rating predates her protected activity, which causes her alleged retaliatory claim to fail. <u>See</u> <u>Slattery v. Swiss Reinsurance Am. Corp.</u>, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."); <u>Melman</u>, 98 A.D.3d at 129 (an employer's continuation of a course of conduct that had begun before the employee complained does not constitute retaliation under the SHRL and CHRL). As such, Plaintiff's allegations fail to meet the requisite elements to state a plausible retaliation claim under Title VII, the SHRL or the CHRL. Thus, these claims must be dismissed in their entirety.

**D.      Plaintiff Fails To State A Claim For A Hostile Work Environment Claim Under Title VII, The SHRL And The CHRL**

Plaintiff has also failed to plead facts to sustain a hostile work environment claim. Traditionally, to establish a hostile work environment claim under either Title VII or the SHRL,

"[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." See Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002). Courts must look at the totality of the circumstances to determine whether an environment is "hostile" or "abusive" and should consider the following exclusive list of factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's "work performance." See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). There must be a showing that the conduct occurred because of the employee's membership in a protected class. See Alfano 294 F.3d at 374 (Title VII). The Second Circuit has held, "a plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." See Brennan v. Metropolitan Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999).

On October 11, 2019, the New York legislature amended the SHRL to remove the "severe and pervasive" standard. See Tortorici v. Bus-Tev, LLC, No. 17-cv-7507 (PAC) (KHP), 2021 U.S. Dist. LEXIS 120627, at *30 (S.D.N.Y. June 28, 2021)(citing N.Y. Exec. Law § 300). Under this new standard, plaintiffs must show that they were subject to "inferior terms, conditions, or privileges of employment because of the individual's membership in or more protected categories." Id. Even under the new standard, it is "axiomatic that a hostile work environment claim is only actionable when it occurs because of an employee's [race], or other protected characteristic. See Carrington v. New York City Human Res. Admin., No. 19 Civ. 10301, 2020 U.S. Dist. LEXIS 83838, at 15* (S.D.N.Y. May 12, 2020).

Plaintiff's allegations fail to plausibly plead that she was subjected to a hostile work environment on the basis of her race. Plaintiff alleges that on March 13, 2019, at a math

workshop, she was ignored, and that Yesnick and Liso stated at this math workshop that Ms. Purvis, a Black teacher at PS/MS 31, "was useless and didn't know what she was doing." There is no indication in Everett's complaint that her environment was "severe or pervasive." Plaintiff did not allege that the Defendants engaged in any threatening or humiliating behavior toward her because of her race. Plaintiff did not allege that Defendants used any racial slurs or epithets toward her. Plaintiff did not allege that any conduct unreasonable interfered with her work performance. Critically, Plaintiff fails to show that any of the complained of conduct was done because she is black.

Plaintiff has failed to allege that she was subject to "inferior terms, conditions, or privileges of employment because of her protected characteristic." Plaintiff claims that her co-teacher, Ms. Hanauer, said repeatedly from January 31, 2020 to the end of the school year that Ms. Purvis did not know what she was doing, and that Plaintiff was excluded from a grade-based meeting in late May of 2020. See ECF Dkt. No. 1, Compl., Addendum to Federal Complaint at ¶ 18. Ms. Hanauer is not named as a defendant in the lawsuit, and nevertheless, her comments about another black teacher in the school are not indicative of any discrimination toward Everett by the Defendants. See Ramirez v. Michael Cetta Inc., No. 19-cv-986(VEC), 2020 U.S. Dist. LEXIS 180619, at *20 (S.D.N.Y. Sept. 30, 2020)("remarks uttered exclusively by coworkers with no purported connection to any employment action, they are minimally, if at all, probative of Defendant's alleged discriminatory intent."). The other instance complained of by Plaintiff, specifically that she was excluded from a grade-based meeting is also fails as a basis for a hostile work environment claim because Plaintiff fails to show she was excluded because of her race.

Plaintiff's claim fails even under the more liberal CHRL rubric, which only requires Plaintiff to adduce evidence of being treated "less well, at least in part for a

discriminatory reason" to set forth a plausible hostile work environment claim. See Moore v. Verizon, No. 13-CV-6467 (RJS), 2016 U.S. Dist. LEXIS 16201 at *35-36 (S.D.N.Y. Feb. 5, 2016). There are no allegations in the complaint that demonstrate that the Defendants ignored and excluded, or made remarks about Plaintiff because of race. The Defendants' actions can be characterized as nothing more than "petty slights and trivial inconveniences." Mihalik, at *111. In sum, Plaintiff has not advanced any allegation that any actions taken against her were taken because of her race. Consequently, Plaintiff's hostile work environment claim must also be dismissed as it is not plausibly pleaded.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            January 28, 2022

                              **GEORGIA M. PESTANA**
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-300
                              New York, New York 10007
                              (212) 356-2475
                              krhau@law.nyc.gov

                    By:      */s/ Karen K. Rhau*
                              Karen K. Rhau
                              Assistant Corporation Counsel

Bruce Rosenbaum,
Karen K. Rhau,
   Of Counsel.