NO. 21 CV 07043 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE N. EVERETT,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, KATINA YESNICK, ANGELA LISO

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-300*
*New York, New York 10007*

*Of Counsel: Karen K. Rhau*
*Telephone: (212) 356-2475*
*Matter No.: 2021-030699*

Bruce Rosenbaum,
Karen K. Rhau,
 Of Counsel.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................iI

PRELIMINARY STATEMENT ........................................................................................ 1

    POINT I ................................................................................................................ 2

        PLAINTIFF'S RETALIATION CLAIM IS NOT
        REASONABLY RELATED TO CLAIMS
        ALLEGED IN HER SDHR COMPLAINT ................................................. 2

    POINT II .............................................................................................................. 2

        PLAINTIFF FAILS TO SATISFY APPLICABLE
        NOTICE OF CLAIM REQUIREMENTS ................................................... 2

    POINT III ............................................................................................................. 3

        PLAINTIFF CANNOT CURE THE PLEADING
        DEFECTS CONCERNING HER UNTIMELY
        FEDERAL, STATE AND LOCAL
        DISCRIMINATION CLAIMS ...................................................................... 3

    POINT IV ............................................................................................................. 5

        PLAINTIFF FAILS TO PROVIDE A BASIS OF
        LIABILITY AS EMPLOYERS OR AIDERS AND
        ABETTORS UNDER THE SHRL AND CHRL AS
        TO DEFENDANTS YESNICK AND LISO ............................................. 5

    POINT V .............................................................................................................. 6

        PLAINTIFF DOES NOT SUFFICIENTLY PLEAD
        HER CLAIMS UNDER TITLE VII, SHRL AND
        CHRL. .............................................................................................................. 6

        A.  Plaintiff Does Not Plausibly Allege A
            Disparate Treatment Claim. ........................................................... 6

        B.  Plaintiff Does Not Plausibly Allege A
            Retaliation Claim. ............................................................................. 8

        C.  Plaintiff Fails To Plausibly Allege A Hostile
            Work Environment Claim. ............................................................. 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Adams-Flores v City of NY,
  No. 18-CV-12150 (JMF), 2020 US Dist LEXIS 3741 (S.D.N.Y. Mar. 2, 2020) ...................... 8

Berlyavsky v NY City Dept. of Envtl. Protection,
  No. 14-CV-03217 (KAM) (RER), 2015 U.S. Dist LEXIS 133647 (E.D.N.Y.
  Aug. 28, 2015) ..................................................................................................................... 6

Bright v Coca Cola Refreshments USA, Inc.,
  No. 12 Civ. 234 (BMC), 2014 U.S. Dist. LEXIS 155565 (E.D.N.Y. Nov. 3,
  2014) ................................................................................................................................... 4

Clarke County Sch. Dist. v. Breeden,
  532 U.S. 268 (2001) ........................................................................................................... 9

Dolan v. Soft Drink & Brewery Workers Union, Local 812,
  No. 17 CV 05528 (NSR), 2018 U.S. Dist. LEXIS 68019 (S.D.N.Y. Apr. 23,
  2018) ................................................................................................................................... 6

Dozier v. Federal Express, Inc.,
  Index No. 161236/2014, 2018 N.Y. Misc. LEXIS 3058 (Sup. Ct., N.Y. Cty.
  July 1, 2018) ....................................................................................................................... 5

Farrell v Smithtown Union Free Sch. Dist.,
  No. CV 20-0450 (JMA)(AYS), 2022 U.S. Dist. LEXIS 7250 (E.D.N.Y. Jan.
  12, 2022) ....................................................................................................................... 4, 10

Fleming v MaxMara USA, Inc.,
  371 F App'x 115 (2d Cir. 2010) ......................................................................................... 9

Langella v Mahopac Cent. Sch. Dist.,
  No. 18-cv-10023 (NSR), 2020 U.S. Dist. LEXIS 95588 (S.D.N.Y. May 31,
  2020) ................................................................................................................................... 4

Leehim v NY City Dept. of Educ.,
  No. 17-cv-3838 (PAE), 2017 U.S. Dist. LEXIS 192747 (S.D.N.Y. Nov. 21,
  2017) ................................................................................................................................... 7

Moore v Verizon,
  No. 13-cv-6467 (RJS), 2016 US Dist LEXIS 16201 (SDNY Feb. 5, 2016) ...................... 8

Moschetti v NY City Dept. of Educ.,
    No. 15-CV-3161 (KMK), 2018 U.S. Dist. LEXIS 169721 (S.D.N.Y. Sep. 28,
    2018) ...................................................................................................................................7

Polite v Khan Funds Mgmt. Am., Inc.,
    No. 17 Civ. 2988 (GBD), 2018 U.S. Dist. LEXIS 19606 (S.D.N.Y. Feb. 5,
    2018) ...................................................................................................................................9

Romero v. Manhattan & Bronx Surface Transit Operating Auth.,
    No. 21-cv-4951 (LJL), 2022 U.S. Dist. LEXIS 36892 (S.D.N.Y. Mar. 2, 2022) ......................3

Soto v. Marist Coll.,
    No. 17-CV-7976 (KMK), 2019 U.S. Dist. LEXIS 94225 (S.D.N.Y. June 5,
    2019) .................................................................................................................................10

Thomas v. New York City Dep't of Educ.,
    938 F. Supp. 2d 334 (E.D.N.Y. 2013) .....................................................................................3

Williams v. New York City Hous. Auth.,
    61 A.D.3d 62, appeal denied, 13 N.Y.3d 702 (2009) ...........................................................10

**Statutes**

Civil Rights Act of 1964, Title VII, 42 U.S.C. §§ 2000e, et seq. ...................................................1

New York Education Law § 3813(2-b) .....................................................................................4, 5

New York City Administrative Code §§ 8-101, et seq. ....................................................... *passim*

New York State Executive Law §§ 290, et seq.SHRL .......................................................1, 4, 5, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEPHANIE N. EVERETT,

                                             Plaintiff,

                      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,     No. 21-CV-07043(JPC)
KATINA YESNICK, ANGELA LISO.

                                          Defendants.
------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl's Mem.") fails to provide a legal and factual basis to support any of her claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the New York State Executive Law §§ 290, et seq. ("SHRL"), and the New York City Administrative Code §§ 8-101, et seq. ("CHRL"). First, Plaintiff cannot show that her retaliation claim is reasonably related to claims alleged in her complaint filed with the New York State Division of Human Rights ("SDHR complaint"). Second, Plaintiff cannot cure the defect on all of her untimely claims. Third, Plaintiff has not provided any factual basis for liability under the SHRL or CHRL as it pertains to Yesnick and Liso. Finally, other than conclusory allegations, Plaintiff has no other basis for her federal, state, and local law claims. Plaintiff's arguments in her opposition lack any merit, and therefore, her complaint must be dismissed in its entirety.

# ARGUMENT

## POINT I

**PLAINTIFF'S RETALIATION CLAIM IS NOT REASONABLY RELATED TO CLAIMS ALLEGED IN HER SDHR COMPLAINT**

Plaintiff's retaliation claim is not reasonably related to claims alleged in her SDHR complaint. Specifically, Plaintiff states that her tenure was extended as retaliation for filing her SDHR complaint. See ECF Dkt. No. 24 at p. 9. Plaintiff started teaching at P.S. 63 in September of 2020, before her filing of her SDHR complaint, and remained in that position after the filing. There was no allegation of retaliation regarding the extension of her probationary period in her SDHR complaint. See ECF Dkt. No. 1, at 13- 24. Plaintiff alleges in her federal complaint that "Since I filed the SDHR complaint on or about January 6, 2021, I have suffered additional retaliation by having my tenure extended at my new school, PS 63, at the end of the 2020-21 school year." [i.e. in about June 2021] See ECF Dkt. No. 1, Complaint, Facts Addendum ¶ 30. This is not temporally proximate to the filing of the SDHR complaint six months earlier sufficient to infer a causal connection. Therefore, Plaintiff's retaliation claim cannot be reasonably related to claims alleged in her SDHR complaint.

## POINT II

**PLAINTIFF FAILS TO SATISFY APPLICABLE NOTICE OF CLAIM REQUIREMENTS**

Plaintiff argues that filing a charge of discrimination within the statutory time period informs the school district of the claims alleged, and therefore satisfies the notice of claim requirement. See ECF Dkt. No. 24 at p. 10. Although many courts in this Circuit have rejected the argument that an EEOC charge can serve as a substitute for a notice of claim, those courts that have permitted such substitution have held that the charge, however, must still be served

2

within three months after the accrual of a claim. See, e.g., Thomas v. New York City Dep't of Educ., 938 F. Supp. 2d 334, 360 (E.D.N.Y. 2013). In applying the aforementioned reasoning, Plaintiff's claims would still fail because all of the alleged adverse actions complained of fall outside of the relevant statutory time period; such as the complaints of poorly rated observations, which took place on November 22, 2019 and January 9, 2020, and a disciplinary letter dated December 20, 2019. Since Plaintiff's claims accrued more than 90 days prior to her filing of the SDHR complaint, her state claims still fail.

The cases cited by Plaintiff at ECF Dkt. No. 24, Point II at p. 10, are inapposite. In Mendell, the plaintiff submitted the charge within the statutory time period, unlike Plaintiff in the instant case. Hinton and Greene both involve plaintiffs' applications for leave to file a late notice of claim. There is also no discussion of a charge of discrimination being used as a substitute of a notice of claim in those cases. The failure to file a notice of claim in this case necessitates a dismissal of those state law claims against Defendant BOE.

## POINT III

**PLAINTIFF CANNOT CURE THE PLEADING DEFECTS CONCERNING HER UNTIMELY FEDERAL, STATE AND LOCAL DISCRIMINATION CLAIMS**

Plaintiff argues that her claims are timely because of former Governor Andrew Cuomo's COVID-19 Executive Orders, equitable tolling provisions, and the continuing violation doctrine. See ECF Dkt. No. 24 at p. 11. Plaintiff's assertions are misguided. Although Plaintiff relies upon one decision from the E.D.N.Y, courts in the S.D.N.Y. have held that the Executive Orders related to the COVID-19 pandemic did not apply to time periods required by federal law. See Romero v. Manhattan & Bronx Surface Transit Operating Auth., No. 21-cv-4951 (LJL), 2022 U.S. Dist. LEXIS 36892, at *42-43 (S.D.N.Y. Mar. 2, 2022) (holding that "This Court has

3

previously held that the various executive orders issued throughout the COVID-19 pandemic 'did not purport to toll time periods prescribed by federal law . . . and they were not justified by any limitation of access to the federal courts.'") (citing O'Rourke v Ehsan Food Corp., No. 19-cv-6162 (LJL), 2020 U.S. Dist. LEXIS 220137, at *10 (S.D.N.Y. Nov. 24, 2020)).

Second, Plaintiff has not provided a basis upon which equitable tolling would apply to her case. Plaintiff has not shown how the employer's allegedly misleading conduct is responsible for Plaintiff's unawareness of her cause of action, nor has she shown that extraordinary circumstances have prevented her from exercising her rights. See Farrell v Smithtown Union Free Sch. Dist., No. CV 20-0450 (JMA)(AYS), 2022 U.S. Dist. LEXIS 7250, at *14, (E.D.N.Y. Jan. 12, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 25067 (E.D.N.Y. Feb. 11, 2022). Plaintiff must show, which she cannot, that she "acted with reasonable diligence during the time period [she] seeks to have tolled." Id. Nor does the continuing violation doctrine salvage her untimely claims, see ECF Dkt. No. 24 at p. 11, since Plaintiff's claims of poor observation ratings, being ignored at a meeting, and a disciplinary letter are discrete acts and therefore cannot be saved by the continuing violation theory. See Bright v Coca Cola Refreshments USA, Inc., No. 12 Civ. 234 (BMC), 2014 U.S. Dist. LEXIS 155565, at *8 (E.D.N.Y. Nov. 3, 2014).

Plaintiff's arguments against the application of the one year statute of limitations set out in New York Education law § 3813(2-b) are also unavailing. The Second Circuit has yet to decide the issue as to whether the filing of a United States Equal Employment Opportunity Commission ("EEOC") charge tolls the statute of limitations on SHRL claims against school districts, and courts differ on this issue as well. Langella v Mahopac Cent. Sch. Dist., No. 18-cv-10023 (NSR), 2020 U.S. Dist. LEXIS 95588, at *41 (S.D.N.Y. May 31, 2020). However, even if

this Court were to toll the statute of limitations on Plaintiff's state law claims, many of her claims still fall outside of the statute of limitations. Plaintiff commenced her action on August 19, 2021. See ECF Dkt. No. 1 at p. 1. According to Education Law § 3813(2-b), Plaintiff's state law claims accruing before August 19, 2020 would have been time-barred. Plaintiff filed her SDHR complaint January 12, 2021. See ECF Dkt. No. 21-1 at p. 3. Plaintiff was issued her Rights to Sue letter on July 28, 2021, 197 days later. See ECF Dkt. No. 1 at p. 12. Therefore, even giving Plaintiff the benefit of a 197 day toll, any SHRL or CHRL claims against the BOE that accrued before February 4, 2020 (197 days before August 19, 2020) would be time-barred. This includes Plaintiff's negative observation ratings, the disciplinary letter, and an incident which took place March 13, 2019, where Plaintiff was allegedly ignored.

## POINT IV

**PLAINTIFF FAILS TO PROVIDE A BASIS OF LIABILITY AS EMPLOYERS OR AIDERS AND ABETTORS UNDER THE SHRL AND CHRL AS TO DEFENDANTS YESNICK AND LISO**

Plaintiff cannot show how Yesnick and Liso are subject to liability under the SHRL and the CHRL. Under the SHRL and CHRL, there is no individual liability as an employer where an individually-named defendant did not have ownership interest in a company or have authority to carry out personnel decisions without prior approval from Human Resources or the managing director. See Dozier v. Federal Express, Inc., Index No. 161236/2014, 2018 N.Y. Misc. LEXIS 3058, *24-25 (Sup. Ct., N.Y. Cty. July 1, 2018). Plaintiff's provides no facts demonstrating that Yesnick or Liso have any ownership interest, or authority to carry out personnel decisions without prior approval from Human Resources or the managing director.

Additionally, Plaintiff does not provide a connection as to how Yesnick and Liso would be liable under an aider and abettor theory. However, Plaintiff must show, which she

5

does not do in the instant case, that an individual actually engaged in discriminatory conduct. Berlyavsky v NY City Dept. of Envtl. Protection, No. 14-CV-03217 (KAM) (RER), 2015 U.S. Dist LEXIS 133647, at *38 (E.D.N.Y. Aug. 28, 2015). For example, as explained below in Point V, not once does Plaintiff allege in her complaint that Defendants used any racial epithets directed to her or that Plaintiff was treated differently than a similarly situated comparator not in Plaintiff's protected group under the SHRL or CHRL. Nor has Plaintiff been able to show through facts in her complaint or opposition papers, beyond conclusory assertions, that any of the Defendants participated or engaged in discriminatory conduct. Therefore, Yesnick and Liso cannot be subject to liability under the SHRL and CHRL as aiders or abettors. Id.

## POINT V

**PLAINTIFF DOES NOT SUFFICIENTLY PLEAD HER CLAIMS UNDER TITLE VII, SHRL AND CHRL.**

**A.  Plaintiff Does Not Plausibly Allege A Disparate Treatment Claim.**

Plaintiff not only misunderstands the law, but she also tries to save her claims by adding new facts—that still do not support a basis for her discrimination, retaliation or hostile work environment claims. At the outset, Plaintiff's new facts should not be considered by this Court. In opposition to this motion, Plaintiff alleges in her disparate treatment section for the first time that: (1) Liso, Plaintiff's co-worker, made fun of or mocked Plaintiff's accent and hair; (2) Liso screamed at her and used expletives; (3) Liso allegedly made fun of how Plaintiff spoke; and (4) Liso called a black teacher by the name of Ms. Purvis, "slow" and made fun of how the teacher spoke as well. These new facts were not pleaded in the Complaint and therefore should not be considered by the Court in deciding the instant motion to dismiss. See Dolan v. Soft Drink & Brewery Workers Union, Local 812, No. 17 CV 05528 (NSR), 2018 U.S. Dist. LEXIS

68019, at *10 (S.D.N.Y. Apr. 23, 2018). However, even if considered, these new facts do not defeat the instant motion.

First, Plaintiff's opposition fails to direct this Court to any non-conclusory facts that plaintiff suffered an actionable adverse employment action. Plaintiff's opposition reasserts allegations of non-actionable adverse employment actions including, negative ratings, a disciplinary letter, exclusion from staff meetings, being ignored and the fact that she was excessed. See ECF Dkt. No. 24 at p. 17. Negative evaluations are not considered "materially adverse" unless accompanied by a demotion, diminution of wages, or other tangible loss. Moschetti v NY City Dept. of Educ., No. 15-CV-3161 (KMK), 2018 U.S. Dist. LEXIS 169721, at *41(S.D.N.Y. Sep. 28, 2018) (citing Opoku v Brega, No. 15-CV-2213 (KMK), 2016 U.S. Dist. LEXIS 136038, at *7 (SDNY Sep. 30, 2016)). Plaintiff failed to allege that her negative performance evaluations were accompanied with any sort of tangible loss. For the same reasons, Plaintiff's disciplinary letter, excess in 2020, the extension of her probationary period, all are not adverse employment actions, as Plaintiff has not alleged any actual loss in wages or other tangible loss that accompanied those alleged adverse actions.

Plaintiff's allegation that she was excluded from a staff meeting is also not an actionable adverse employment action. Leehim v NY City Dept. of Educ., No. 17-cv-3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *9 (S.D.N.Y. Nov. 21, 2017). Plaintiff's feelings of being disregarded and degraded for important school literacy events are nothing but "petty slights," not adverse employment actions. Id. at 10. Since these actions are not adverse employment actions under the law, Plaintiff's discrimination claim must fail.

Assuming *arguendo* Plaintiff has plausibly pleaded adverse employment actions, her discrimination claim still fails because she has not pleaded an inference of discrimination.

7

Plaintiff fails to show that these comments made by Yesnick and Liso were made because of Plaintiff's race. Plaintiff's allegations demonstrate "workplace difficulties entirely consistent with non-race-[based] . . . disputes—disputes that are plainly not actionable under statutes intended to root out discrimination on the bases of certain statutorily defined protected characteristics." Moore v Verizon, No. 13-cv-6467 (RJS), 2016 US Dist LEXIS 16201, at *20 (SDNY Feb. 5, 2016). Plaintiff argues that Defendants made derogatory comments toward black teachers by calling them "useless." But yet no reference to race was made when these comments were supposedly said. Even if this Court were to consider Plaintiff's new facts about Liso screaming at Plaintiff, or the fact that Liso made fun of how Plaintiff and Ms. Purvis spoke by dragging her words, none of these comments would lead one to believe that these comments were made because Ms. Purvis and Plaintiff are black. Plaintiff also fails to show that she was "similarly situated" to Liso or any of her white co-workers, and that her protected characteristic was a motivating factor in any alleged discriminatory action. Adams-Flores v City of NY, No. 18-CV-12150 (JMF), 2020 US Dist LEXIS 3741, at *14 (S.D.N.Y. Mar. 2, 2020).

Even under the more liberal CHRL rubric, Plaintiff's claims still fail, because Plaintiff fails to plead, other than in a conclusory fashion, how she was treated less well than any similarly situated co-worker. See Moore, U.S. Dist. LEXIS 16201 at *35-36.

**B.     Plaintiff Does Not Plausibly Allege A Retaliation Claim.**

Plaintiff's complaint is devoid of facts sufficient to suggest that she was retaliated against for engaging in a protected activity. According to Plaintiff, Defendants retaliated against her for filing her SDHR complaint in January of 2021 by extending her probationary period at the end of the 2020-2021 school year. See ECF Dkt. No. 1, Complaint, Facts Addendum ¶ 30. However, as noted above in Point I, the alleged retaliatory act is too remote in time to plausibly be deemed causally connected based on temporal proximity alone. Indeed, Plaintiff does not

even allege that the school officials who extended her probation at PS 63 in June 2021 even knew that she had filed an SDHR complaint in January 2021. See generally ECF Dkt. No. 1.

Plaintiff also argues that her protected activity was the but for cause of the retaliatory act since a five month gap between the protected activity and the retaliatory action may be close enough to support a retaliation claim. See ECF Dkt. No. 24 at p. 21. However, the Supreme Court has held that five months is too attenuated a period to establish causation by temporal proximity alone. See Clarke County Sch. Dist. v. Breeden, 532 U.S. 268, 273-72 (2001). Moreover, here, Plaintiff alleges that her probation was extended, not because her new supervisors knew about her January 2021 SDHR complaint, but because they knew she had previously receive a unsatisfactory performance rating, indicating to them that she needed more time to demonstrate that she should be awarded tenure. See ECF Dkt. No. 1, Complaint, Facts Addendum at ¶ 30 ("I was told by my current principal that my rating at PS 31 in 2019-20 caused him to extend my tenure.").

C.   **Plaintiff Fails To Plausibly Allege A Hostile Work Environment Claim.**

Plaintiff's hostile work environment claim fails because she does not allege any conduct that is either frequent or severe enough to suggest an objectively hostile work environment. Plaintiff argues that she was ignored, disregarded, mocked, and was made fun of by Defendants. See ECF Dkt. No. 24 at p. 23. Plaintiff does not indicate the precise frequency of these events and importantly, there is no reference to Plaintiff's race by Yesnick and Liso while they allegedly make fun of and mock Plaintiff. "[O]occasional teasing does not create a hostile work environment." Polite v Khan Funds Mgmt. Am., Inc., No. 17 Civ. 2988 (GBD), 2018 U.S. Dist. LEXIS 19606 at *19 (S.D.N.Y. Feb. 5, 2018). Moreover, Plaintiffs complaints about being excluded from meetings and even criticized, do not support a hostile work environment claim.. See Fleming v MaxMara USA, Inc., 371 F App'x 115, 119 (2d Cir. 2010).

Even under the more liberal standard applicable to CHRL claims, the primary issue is whether the plaintiff has alleged that she has been treated less well than other employees because of her race. Williams v. New York City Hous. Auth., 61 A.D.3d 62, 78 (1st Dep't), appeal denied, 13 N.Y.3d 702 (2009). At best, Plaintiff's allegations amount to the false syllogism already discussed in Defendants' initial moving papers. See Soto v. Marist Coll., No. 17-CV-7976 (KMK), 2019 U.S. Dist. LEXIS 94225, at *48-49 (S.D.N.Y. June 5, 2019). Finally, in the alternative, Plaintiff seeks leave to file an amended complaint to cure her pleading defects. However, any such application should be denied since no amount of repleading would save Plaintiff's statute of limitations, notice of claim and other pleading deficiencies. See Farrell, 2022 U.S. Dist. LEXIS 7250, at *18-19.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' initial moving papers, the Court should dismiss the Complaint in its entirety, and grant Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 18, 2022

        **HON. SYLVIA O. HINDS-RADIX**
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        100 Church Street, Room 2-300
        New York, New York 10007
        (212) 356-2475
        krhau@law.nyc.gov

By:   */s/ Karen K. Rhau*
      Karen K. Rhau
      Assistant Corporation Counsel

Bruce Rosenbaum,
Karen K. Rhau,
  Of Counsel.