

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Karen K. Rhau**
Labor and Employment Law Division
Phone: (212) 356-2475
Email: krhau@law.nyc.gov

**BY ECF and by Email (CronanNYSDChambers@nysd.uscourts.gov)**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: Everett v. New York City Department of Education, et al.
              Docket No. 21-CV-07043 (JPC)

Dear Judge Cronan:

      I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), Katina Yesnick, Angela Liso, and Reinaldo Diaz-Lens, in the above-captioned proceeding. Defendants write, pursuant to Rule 6.A of Your Honor's Individual Rules and Practices, to request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Second Amended Complaint ("SAC") in this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

      Plaintiff, an elementary school teacher who was assigned by the BOE to P.S./M.S. 31 and P.S. 63 in the Bronx, brings this action pro se alleging that she was discriminated against because of her race, subject to a hostile work environment, and retaliated against in violation of her rights under Title VII, the SHRL and the CHRL. Plaintiff, who self-identifies as black, alleges that while at P.S./M.S. 31, she was made fun of and ignored, and was refused assistance for her students. While at P.S. 63, she further alleges that she was ignored and was isolated by another BOE employees. Plaintiff also alleges Defendants retaliated against her for filing a federal complaint.

      For the reasons more fully explained below, Plaintiff fails to state a plausible claim.

**A.**    **Plaintiff Failed to File a Notice of Claim**

      Plaintiff still, has not pleaded compliance with the notice of claim requirement under New York Education Law §3813(1). See N.Y. Educ. Law § 3813(1); see Ochoa v. N.Y.C. Dep't of Educ., No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *5 (S.D.N.Y. Nov. 22, 2021); Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). Consequently, this Court should dismiss the SHRL and CHRL claims against the BOE.

**B. Plaintiff's Title VII, SHRL, and CHRL Claims Are Largely Time Barred**

A plaintiff must file an administrative charge with the EEOC or equivalent local agency within 300 days of the date of injury. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her discrimination charge on or about January 12, 2021. Therefore, to the extent that Plaintiff's Title VII claims are based upon alleged conduct that occurred 300 days prior to that date, or prior to March 12, 2020, those claims are time-barred. This includes Plaintiff's claims of being made fun of by Defendants in January and February of 2018 and all of the claims stemming from the alleged discriminatory incidents that occurred at P.S. 31.

Plaintiff's SHRL and CHRL claims that accrued more than a year before the filing of her SAC are also time barred against Defendant BOE. See New York Education Law §3813(2-b); see also Ferraro v Ramapo Cent. Sch. Dist., No. 17 CV 2039 (VB), 2017 U.S. Dist. LEXIS 203361, at *5 (S.D.N.Y. Dec. 11, 2017). This includes Plaintiff's allegations of Defendants Liso and Yesnick making fun of Plaintiff in January and February of 2018, and her ignored request for additional assistance in January and February 2020. Plaintiff's claims based upon allegations occurring more than 3 years before the filing should also be dismissed against all Defendants. See Freud v NY City Dept. of Educ., No. 1:21-cv-2281 (MKV), 2022 US Dist. LEXIS 54353, at *16 (S.D.N.Y. Mar. 25, 2022).

**C. No Individual Liability Under Title VII**

Individuals cannot be found liable under Title VII, and so this Court should dismiss all the Title VII claims brought against the individually named Defendants. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995).

**D. Plaintiff Fails To State A Plausible Claim**

Claims of disparate treatment under Title VII, the SHRL, and the CHRL are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (Title VII); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629 (1997) (SHRL); Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112-13 (1st Dep't 2012) (noting the continued applicability of the McDonnell Douglas framework in analyzing discrimination claims under CHRL). Plaintiff fails to plausibly plead that she was subjected to an actionable adverse employment action or that the conduct about which she complains occurred under circumstances giving rise to even a minimal inference of discriminatory animus. See Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015).

Plaintiff alleges Defendants discriminated against her because of her race by ignoring her, making fun of Plaintiff's hair and how she spoke, isolating her from other teachers, and finally terminating her on June 27, 2022. See ECF Dkt. No. 1 at 1-8, ¶¶ 7, 8, 9, 12, 39, 42, 49, 57. Aside from Plaintiff's termination, all the other actions about which Plaintiff complains do not constitute adverse employment actions. Critically, Plaintiff is unable to show any change in title, benefits, or pay as a result of the complained of actions. See Coleman v City of NY, 17 Civ. 7864 (PAE), 2018 US Dist LEXIS 187378, at *13 (S.D.N.Y. Nov. 1, 2018). In addition, Plaintiff's allegations fail to plausibly plead facts which give rise to even a minimal inference of race discrimination. See Littlejohn, 795 F.3d at 310-11. Plaintiff merely alleges, in conclusory fashion, that she received the negative observation ratings, was excluded and ignored, refused

assistance for her students, isolated from other teachers, and terminated because she is black. See ECF Dkt. No. 36 at 1-8, ¶¶ 12, 39, 42, 49, 57. However, Plaintiff's disparate treatment claim still fails because she cannot establish a connection between Defendants' actions and her membership in a protected class. See Shankar v Ankura Consulting Group, LLC, No. 1:20-CV-07463-ALC, 2021 US Dist LEXIS 151098, at *17 (S.D.N.Y. Aug. 11, 2021). Plaintiff argues that her termination (and the termination of another black teacher) creates an inference of discrimination because the kindergarten teachers and two special education teachers that now remain are white, however, Plaintiff hasn't shown that she is "similarly situated in all material respects to the individuals with whom she seeks to compare herself." Id. at 13.

Even under the CHRL, a plaintiff must still plausibly allege that she was treated less well than other employees because of her protected status. See Askin v. Dept. of Educ. of the City of New York, 110 A.D.3d 621, 622 (1st Dep't 2013). In the Complaint, Plaintiff purports to demonstrate discriminatory animus against her by alleging that Defendants ignored her, excluded and isolated her. See ECF Dkt. No. 36 at 2-7, ¶¶ 12, 42, 46, 49. However, there are no allegations in the complaint that demonstrate that the Defendants engaged in the challenged actions because Plaintiff is black.

Plaintiff claims that "[T]he New York City Department of Education is retaliating against me due to me filing the federal complaint, as shown with the unjust termination. . . ." See ECF Dkt. No. 36 at 8, ¶ 63. Plaintiff filed the original complaint August 19, 2021. See ECF Dkt. No. 1. Plaintiff's retaliation claim clearly fails here because the termination, occurring nearly a year after the filing of the original federal complaint, is not temporally proximate to the filing of the original federal complaint, and thereby insufficient to show a causal connection. See Woodworth v Shinseki, 447 F App'x 255, 258 (2d Cir. 2011).

Finally, Plaintiff's allegations fail to plausibly plead that she was subjected to a hostile work environment on the basis of her race. The allegations do not come close to alleging that she was subjected to a "severe or pervasive" work environment because of her race. See Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (Title VII); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629 (1997) (SHRL). Further, nor does the complaint plausibly plead that Plaintiff was treated less well than other employees because of her protected status so as to state a plausible hostile work environment claim under the CHRL.

Therefore, Defendants respectfully request that the Court schedule a pre-motion conference to discuss the anticipated motion to dismiss the Complaint pursuant to FRCP 12(b)(6). Alternatively, should the Court deem a pre-motion conference not necessary, Defendants respectfully requests the Court endorse the following briefing schedule: Defendants' moving papers due by December 14, 2022; Plaintiff's opposing papers due by January 16, 2023; Defendants' reply, if any, due by January 31, 2023.

Respectfully submitted,<br>
/s/ *Karen K. Rhau*<br>
Karen K. Rhau<br>
Assistant Corporation Counsel

cc: Stephanie Everett (By First Class Mail and Email: stef850@gmail.com)
   Plaintiff Pro Se
   1113 East 215th Street
   Bronx, NY 10469
   Phone: 347-803-0903