No. 21 CV 07043 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE N. EVERETT,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
KATINA YESNICK, ANGELA LISO, REINALDO
DIAZ-LENS

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karen K. Rhau*
*Tel: (212) 356-2475*
*Matter #:2021-030699*

Bruce Rosenbaum,
Karen K. Rhau
   Of Counsel.

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................I

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ......................................................................... 2

ARGUMENT ............................................................................................. 5

      POINT I ........................................................................................... 5

            PLAINTIFF'S STATE AND CITY LAW CLAIMS
            MUST BE DISMISSED FOR FAILING TO FILE
            A NOTICE OF CLAIM ................................................... 5

      POINT II………………………………………………………………..6

            PLAINTIFF'S TITLE VII, SHRL, and CHRL
            CLAIMS ARE LARGELY TIME BARRED............................ 6

      POINT III ......................................................................................... 7

            DEFENDANTS YESNICK, LISO, AND DIAZ-
            LENS ARE NOT SUBJECT TO LIABILITY
            UNDER TITLE VII NOR ARE THEY SUBJECT
            TO LIABILITY AS EMPLOYERS UNDER THE
            SHRL OR THE CHRL ........................................... 7

      POINT IV ......................................................................................... 9

            THE SECOND AMENDED COMPLAINT FAILS
            TO STATE A PLAUSIBLE CLAIM UNDER
            FEDERAL, STATE, AND LOCAL LAW ............................ 9

            A.   Standard Of Review On A Motion To Dismiss
                Pursuant To FRCP 12(b)(6)................................... 9

            B.   Plaintiff Fails To State A Claim For Disparate
                Treatment Under Title VII, The SHRL And
                The CHRL .................................................... 9

            C.   Plaintiff Fails To State A Plausible Claim For
                Retaliation Under Title VII, The SHRL And
                The CHRL .................................................. 17

            D.   Plaintiff Fails To State A Claim For A Hostile
                Work Environment Claim Under Title VII, The
                SHRL And The CHRL ...................................... 21

CONCLUSION..........................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alfano v. Costello,
294 F.3d 365 (2d Cir. 2002)................................................................................21

Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,
9 N.Y.3d 367 (2007) ................................................................................5, 6

Ashcroft v. Iqbal,
556 U.S. 662 (2009)................................................................................9

Atkins v. Rochester City Sch. Dist.,
764 Fed. Appx. 117 (2d Cir. 2019)................................................................11

Bamba v. United States Dept. of Homeland Sec.-FPS,
No. 19cv8646 (LJL) (DF), 2021 U.S. Dist. LEXIS 153198 (S.D.N.Y. Aug. 13,
2021)................................................................................23

Bernstein v. NY City Dept. of Educ.,
No. 19-cv-11816 (LJL), 2020 U.S. Dist. LEXIS 209365 (S.D.N.Y. Nov. 9,
2020) ................................................................................11

Bickerstaff v. Vassar College,
196 F.3d 435 (2d Cir. 1999), cert. denied, 530 U.S. 1242 (2000) ...........................16

Boyar v. Yellen,
No. 21-507, 2022 U.S. App. LEXIS 1005 (2d Cir. Jan. 13, 2022)...........................11

Brennan v. Metropolitan Opera Ass'n,
192 F.3d 310 (2d Cir. 1999)................................................................22

Brown v. City of New York,
No. 14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 159202 (S.D.N.Y. Nov. 11,
2014) ................................................................................20

Burlington N. & Santa Fe Ry. v. White,
548 U.S. 53 (2006)................................................................................18

Carrington v. New York City Human Res. Admin.,
No. 19 Civ. 10301, 2020 U.S. Dist. LEXIS 83838 (S.D.N.Y. May 12, 2020).................22

Chung v. City Univ. of N.Y.,
No. 12 Civ. 4045 (GBD) (RLE), 2014 U.S. Dist. LEXIS 124601 (S.D.N.Y.
Aug. 27, 2014) ................................................................................17

Cowan v. City of Mount Vernon,
      No. 14-CV-8871(KMK), 2017 U.S. Dist. LEXIS 45812 (S.D.N.Y. Mar. 28,
      2017) ......................................................................................................................16

Desrosiers v. Summit Sec. Servs.,
      No. 21-CV-10941 (JPO), 2022 U.S. Dist. LEXIS 192512 (S.D.N.Y. Oct. 21,
      2022) ......................................................................................................................15

Diaz v. Poly Prep Day Sch.,
      No. 21-cv-06611 (BMC), 2022 U.S. Dist. LEXIS 126901 (E.D.N.Y. July 18,
      2022) ..........................................................................................................19, 22, 23

DiFolco v. MSNBC Cable, L.L.C.,
      622 F.3d 104 (2d Cir. 2010)....................................................................................2

Doe v. Bloomberg L.P.,
      36 N.Y.3d 450 (2021) .............................................................................................7

Ellis v. N.Y. Dep't of Educ.,
      No. 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11,
      2020) ......................................................................................................................12

Fairbrother v. Morrison,
      412 F.3d 39 (2d Cir. 2005), abrogated on other grounds by Burlington N. &
      Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)...............................................11, 12

Ferrante v. American Lung Ass'n,
      90 N.Y.2d 623 (1997) ..................................................................................... passim

Freud v NY City Dept. of Educ.,
      No. 1:21-cv-2281 (MKV), 2022 US Dist. LEXIS 54353 (S.D.N.Y. Mar. 25,
      2022) ........................................................................................................................5

Galabya v. N.Y.C. Bd. of Educ.,
      202 F.3d 636 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013) .............................10

Gordon v. N.Y.C. Bd. of Educ.,
      232 F.3d 111 (2d Cir. 2000)....................................................................................18

Green v. McLaughlin,
      480 Fed. App'x 44 (2d Cir. 2012) ...........................................................................9

Harris v. Forklift Sys., Inc.,
      510 U.S. 17 (1993)..................................................................................................22

Kwong v. City of N.Y.,
      204 A.D.3d 442 (1st Dep't 2022) .............................................................................7

Leehim v. New York City Dep't of Educ.,
    17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747 (S.D.N.Y. Nov. 21,
    2017) ................................................................................................................8, 11

Lipsman v. Cortés-Vázquez,
    No. 21-CV-4631 (JMF), 2021 U.S. Dist. LEXIS 234203 (S.D.N.Y. Dec. 7,
    2021) ...................................................................................................................9

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)........................................................................9, 10, 12

MacAlister v. Millenium Hotels & Resorts,
    No. Civ. 6189 (ER), 2018 U.S. Dist. LEXIS 191775 (S.D.N.Y. Nov. 8, 2018).....................17

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
    483 Fed. App'x 660 (2d Cir. 2012).........................................................................10

Mauro v. NY City Dept. of Educ.,
    No. 19-CV-04372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 233735 (S.D.N.Y.
    Dec. 10, 2020)...............................................................................................13, 15

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)........................................................................................9, 10, 17

McGuire-Welch v House of the Good Shepherd's Tilton Sch.,
    720 Fed. App'x 58 (2d Cir. 2018)..........................................................................17

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dep't 2012) ........................................................................10, 21

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013)...............................................................................11, 25

Moore v. Verizon,
    No. 13-CV-6467 (RJS), 2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5,
    2016) .................................................................................................................24

Newsome v. IDB Capital Corp.,
    No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. 2016)............................12

Ochoa v. N.Y.C. Dep't of Educ.,
    No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901 (S.D.N.Y. Nov. 22,
    2021) ...............................................................................................................5, 6

Oncale v. Sundowner Offshore Servs., Inc.,
    523 U.S. 75 (1998)................................................................................................16

Ortiz v. Ardolino,
No. 19-CV-0069 (ILG)(ST), 2021 U.S. Dist. LEXIS 97387 (E.D.N.Y. May
21, 2021) .........................................................................................................................18

Peas v. City of New York,
No. 19 Civ. 7693 (KPF), 2021 U.S. Dist. LEXIS 120030 (S.D.N.Y. June 28,
2021) ........................................................................................................................19, 20

Ramirez v. Michael Cetta Inc.,
No. 19-cv-986(VEC), 2020 U.S. Dist. LEXIS 180619 (S.D.N.Y. Sept. 30,
2020) .................................................................................................................................16

Rivera v. Bd. of Educ.,
No. 19 Civ. 11624, 2020 U.S. Dist. LEXIS 239633 (S.D.N.Y. Dec. 21, 2020).....................24

Rowe v. N.Y. State Dep't of Taxation & Fin.,
786 Fed. Appx. 302 (2d Cir. 2000) ..........................................................................................6

Ruiz v. County of Rockland,
609 F.3d 486 (2d Cir. 2010)....................................................................................................10

Sealy v State Univ. of NY,
834 F App'x 611 (2d Cir. 2020) ..............................................................................................20

Singer v. N.Y.C. Health & Hosps. Corp.,
No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752 (E.D.N.Y. June 2,
2020) .................................................................................................................................14

Slattery v. Swiss Reinsurance America Corp.,
248 F.3d 87 (2d Cir. 2001).....................................................................................................21

Sotolongo v. NY State DMV,
No. 19-CV-3282 (NGG) (VMS), 2020 U.S. Dist. LEXIS 131033 (E.D.N.Y.
July 22, 2020).....................................................................................................................24

Tenemille v. Town of Ramapo,
No. 18-CV-724 (KMK), 2022 U.S. Dist. LEXIS 6936 (S.D.N.Y. Jan. 13,
2022) ...................................................................................................................................7

Tortorici v. Bus-Tev, LLC,
No. 17-cv-7507 (PAC) (KHP), 2021 U.S. Dist. LEXIS 120627 (S.D.N.Y.
June 28, 2021).....................................................................................................................22

Verne v. N.Y.C. Dep't of Educ.,
21 Civ. 5427 (JPC), 2022 U.S. Dist. LEXIS 180299 (S.D.N.Y. Sep. 30, 2022) .......................7

Ya-Chen Chen v. City Univ. of N.Y.,
805 F.3d 59 (2d Cir. 2015).....................................................................................................18

**Statutes**

Civil Rights Act of 1964 Title VII, 42 U.S.C. §§ 2000e, <u>et seq.</u> .................................................1, 6

New York City Administrative Code §§ 8-101, <u>et seq.</u>...................................................................5

N.Y. Educ. Law §§ 3813(1) and 3813(2-b) ...................................................................................6

State Executive Law §§ 290, <u>et seq.</u> ............................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

STEPHANIE N. EVERETT,

                                        Plaintiff,        No.  21 CV 07043 (JPC)

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
KATINA YESNICK, ANGELA LISO, REINALDO
DIAZ-LENS
                                        Defendants.
---------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Despite having three opportunities to plausibly plead a cause of action for her discrimination claims, Plaintiff has failed to do so.  Plaintiff pro se, formerly employed as an elementary school teacher by the Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), filed a Complaint on August 19, 2021 (ECF Dkt. No. 1), an Amended Complaint on July 29, 2022 (ECF Dkt. No. 30) and a Second Amended Complaint ("SAC") (ECF Dkt. No. 36) on August 31, 2022, claiming that the BOE, P.S./M.S. 31 ("P.S. 31") Assistant Principal Katina Yesnick ("Yesnick"), P.S./M.S. 31 teacher Angela Liso ("Liso"), and P.S. 63 Principal Reinaldo Diaz-Lens ("Diaz-Lens") (collectively, "Defendants"), violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the New York State Executive Law §§ 290, et seq. ("SHRL"), and the New York City Administrative Code §§ 8-101, et seq. ("CHRL").  Specifically, Plaintiff claims that she was discriminated against at both of the BOE schools to which she had been assigned because of her

race, subjected to a hostile work environment, and retaliated against in violation of her rights under Title VII, the SHRL and the CHRL.

All of Plaintiff's claims fail as a matter of law. Critically, Plaintiff is still unable to show that any of the putative adverse employment actions, including her termination from P.S. 63 on June 27, 2022, all occurred because Plaintiff is black. Defendants now move pursuant to Fed. R. Civ. P. 12(b), to dismiss the SAC on the following grounds: (1) Plaintiff still fails to comply with notice of claim requirements regarding her SHRL/CHRL claims against the BOE; (2) Plaintiff's Title VII, SHRL and CHRL claims are largely time-barred; (3)Yesnick, Liso, and Reinaldo Diaz-Lens are not subject to liability under Title VII, the SHRL and the CHRL; and (4) Plaintiff otherwise fails to state a plausible claim under federal, state, or city law.

## STATEMENT OF FACTS[1]

Plaintiff, who self-identifies as black, had been employed as an elementary school teacher for BOE beginning in September 2017. See ECF Dkt. No. 36, Addendum to the SAC at ¶ 1. Plaintiff was excessed from P.S. 31 in the summer of 2020 and began working as a kindergarten teacher at P.S. 63 in the Bronx, NY. Id. at ¶ 3. Plaintiff claims that she experienced discrimination, was retaliated against, and subjected to a hostile work environment because of her race at both P.S. 31 and P.S. 63. Id.

Plaintiff alleges that Liso made discriminatory comments beginning in January 2018. Id. at ¶ 7. Ms. Liso told Plaintiff that she "talked different" and then made fun of Plaintiff

---

[1] This statement of facts is derived from the allegations in the Second Amended Complaint herein (ECF Dkt. No. 36) and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only. In addition, Defendants rely upon the SDHR Complaint annexed to the Declaration of Karen K. Rhau dated December 12, 2022 ("Rhau Decl."). See DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). This exhibit annexed thereto is incorporated by reference in the Complaint and/or is integral to the Complaint and may thus be considered for the purposes of deciding this this motion to dismiss. See id.

by dragging her words, stating "I don't understaaaaaand, you're funny Everett . . . ." Id. at ¶ 7. According to Plaintiff, Liso was laughing as she was making fun of Plaintiff.  Id. at ¶ 7.  Liso also made fun of Plaintiff's hair by also asking Plaintiff what did her hair really looks like.  Id. at ¶ 9.

During the 2019-2020 school year, Plaintiff received negative ratings from Yesnick even though she had never received ineffective as a rating during her previous years at the school.  Id. at ¶ 11.  At a December 3, 2019 meeting to discuss a classroom observation, Plaintiff claims Yesnick "disregarded [her] expertise as an educator, and compared [her] to the white teacher Ms. Liso."  Id. at ¶ 16.  Plaintiff states that she was compared to Liso when Yesnick made the following statement, "Maybe teaching is not for you, and you're lucky you have someone, poor Ms. Liso has no one, she feels so overwhelmed, she had the high class last year, but this year Ms. Liso has the Ell's (English language learners)."  Id.  At this meeting, Plaintiff voiced her concerns about needing assistance with her students in her class because of their emotional needs.  Id. at ¶ 16.  Specifically, Plaintiff requested assistance from Yesnick in January 2020, twice in February of 2020 and once in March of 2020.  Id. at ¶ 17a-d.  Yesnick responded however, that "it was not her problem" and that Plaintiff should discuss this issue with the Principal.  Id.

In addition to negative ratings, Plaintiff claims she was discriminated against because she was ignored at a math work workshop, see id. at ¶ 12, excluded from a grade-based meeting in late May 2020 and ignored at a June 1, 2020 meeting.  Id. at ¶¶ at 19-20.

Plaintiff was excessed from P.S. 31 in the summer of 2020 and was hired as kindergarten teacher at P.S. 63 shortly thereafter.  Id. at 21.  At P.S. 63, Plaintiff was allegedly ignored by Defendant Diaz-Lens and belittled by him in front of another student.  Id. at ¶ 30, 33.

Plaintiff also claims that another black teacher by the name of Ms. Halcyone Denny was also discriminated against by Diaz-Lens. Id. at ¶ 35. According to Plaintiff, Diaz-Lens discriminated against Ms. Denny by ignoring and disregarding her, and by giving her ineffective ratings. Id. at ¶ 36. In addition to Diaz-Lens, a general education teacher at P.S. 63 by the name of Julie Stengel also discriminated against Plaintiff and other black teachers, specifically Ms. Denny and a universal literacy coach by the name of Ms. Julian Brady. Id. at ¶ 38. 44. Ms. Stengel, prevented other teachers from socializing with Plaintiff and Ms. Denny, and at times, ignored Plaintiff, Ms. Denny and Ms. Brady. Id. at ¶¶ 42-44. However, Ms. Stengel was attentive to white teachers at P.S. 63. Id. at ¶ 45. As a result of Ms. Stengel's exclusionary tactics, many teachers would not talk to Plaintiff or Ms. Denny unless Ms. Stengel was not around. Id. at ¶ 41. In one instance, Plaintiff also claims Ms. Stengel demonstrated her racist behavior toward her students by saying to Plaintiff and other kindergarten teachers that "I hate my class, I hate those kids, I really hate those kids." Id. at ¶ 47.

On June 27, 2022, Plaintiff received a discontinuance letter stating that she was terminated from her position as kindergarten teacher at P.S. 63. Id. at ¶ 57. On the same day, Ms. Denny, also received a discontinuance letter, and was told by Diaz-Lens that she was not the "right fit" for the school. Id. at ¶ 55, 58. Two other white special education teachers, who have less seniority than Ms. Denny, however, remain at the school. Id. at ¶ 56. The only probationary teacher given tenure during the 2021-2022 school year was a white teacher by the name of Michael Olivier. Id. at ¶ 58. According to Plaintiff, all the kindergarten teachers at P.S. 63 are white. Id. at ¶ 55.

Plaintiff filed a discrimination complaint with the New York State Division of Human Rights ("SDHR") on or about January 6, 2021[2]. Id. at ¶¶ at 22, 30. Plaintiff filed the original complaint with the Southern District of New York on August 19, 2021. Id. at ¶ 25. The original complaint was dismissed by this Court on June 29, 2022 without prejudice to amend the complaint. See ECF Dkt. 29. On August 31, 2022, Plaintiff filed a Second Amended Complaint. See ECF Dkt. 36.

## ARGUMENT

### POINT I

### PLAINTIFF'S STATE AND CITY LAW CLAIMS MUST BE DISMISSED FOR FAILING TO FILE A NOTICE OF CLAIM

Plaintiff has still failed to file a notice of claim against Defendant BOE, and the Complaint is devoid of any allegation that she has done so, as required under New York Education Law §3813(1). See N.Y. Educ. Law § 3813(1); See Ochoa v. N.Y.C. Dep't of Educ., No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *5 (S.D.N.Y. Nov. 22, 2021); Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). Accordingly, Plaintiff's SHRL and CHRL claims in this lawsuit against the BOE must be dismissed. See Freud v NY City Dept. of Educ., No. 1:21-cv-2281 (MKV), 2022 US Dist. LEXIS 54353, *15 (S.D.N.Y. Mar. 25, 2022) (dismissing state and city law claims due to plaintiff's failure to file a notice of claim).

---

[2] The SDHR complaint was received by the SDHR on January 12, 2021. See date stamp on Ex. A annexed to the Rhau Decl.

**POINT II**

**PLAINTIFF'S TITLE VII, SHRL, AND CHRL
CLAIMS ARE LARGELY TIME BARRED**

Plaintiff's Title VII claims that accrued prior to March 18, 2020 are time barred. To claim a violation of Title VII in New York, a charge of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e); see also Rowe v. N.Y. State Dep't of Taxation & Fin., 786 Fed. Appx. 302, 304 (2d Cir. 2000). Everett filed her discrimination charge on January 12, 2021. See SDHR Verified Complaint annexed to the Rhau Decl. as Ex. A. Therefore, to the extent that Everett's Title VII claims are based upon alleged conduct that occurred 300 days prior to that date, or prior to March 18, 2020, those claims are time-barred. This includes her claims of receipt of negative observation ratings during the first half of the 2019-2020 school year, the fact that she was ignored by Defendants Yesnick and Liso on March 13, 2019, and Yesnick's alleged refusal to provide Plaintiff with additional assistance in her classroom in early 2020, and all of the allegations arising from incidents at P.S. 63. See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 11, 12, 17a-d, 30-58.

Further, Plaintiff's SHRL and CHRL claims against the BOE are subject to a one-year statute of limitations. See N.Y. Educ. Law §§ 3813(1) and 3813(2-b); See Ochoa v. N.Y.C. Dep't of Educ., No. 20-CV-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, at *5 (S.D.N.Y. Nov. 22, 2021); Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007). As to allegations arising from P.S. 31, Plaintiff filed that complaint August 19, 2021. See ECF Dkt. No. 1. Therefore, all SHRL and CHRL claims stemming from allegations that occurred prior to August 19, 2020 should be time-barred as against Defendant BOE. This includes statements made by Defendants regarding Plaintiff's speech and hair, and allegations that she was ignored at a math workshop March 13, 2019, excluded from a grade based meeting and in May 2020 and

allegations that Yesnick refused to provide Plaintiff additional assistance for her classroom.  See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 7, 8, 9, 12, 17a-d, 19.

## POINT III

### DEFENDANTS YESNICK, LISO, AND DIAZ-LENS ARE NOT SUBJECT TO LIABILITY UNDER TITLE VII NOR ARE THEY SUBJECT TO LIABILITY AS EMPLOYERS UNDER THE SHRL OR THE CHRL

Yesnick, Liso, and Diaz-Lens, are not subject to liability under Title VII, and so this Court should dismiss all Title VII claims brought against the individual defendants, Yesnick Liso, and Diaz-Lens.  See Tenemille v. Town of Ramapo, No. 18-CV-724 (KMK), 2022 U.S. Dist. LEXIS 6936, at *23-24 (S.D.N.Y. Jan. 13, 2022) ("[I]ndividual defendants cannot be held liable under Title VII.").  As such, the Title VII claims must be dismissed against Defendants Yesnick and Liso.

The SHRL prohibits discriminatory conduct by "employer[s]" only, not individual employees.  See Doe v. Bloomberg L.P., 36 N.Y.3d 450, 456-459 (2021); Kwong v. City of N.Y., 204 A.D.3d 442, 445-46 (1st Dep't 2022).  Thus, Yesnick, Liso, and Diaz-Lens, not being "employers" under the SHRL, are not subject to liability under the SHRL.  As to the CHRL, individual defendants are also not liable as "employers."  However, for purposes of the CHRL, employees "may incur liability only for their own discriminatory conduct."  Verne v. N.Y.C. Dep't of Educ., 21 Civ. 5427 (JPC), 2022 U.S. Dist. LEXIS 180299, at *48 (S.D.N.Y. Sep. 30, 2022) (quoting Doe v. Bloomberg L.P., 36 N.Y.3d 450, 460 (2021)).

Plaintiff's allegations regarding Liso are minimal.  Plaintiff alleges Liso made a comment about a Ms. Purvis, by saying she was "useless" and "doesn't know what she is doing." See ECF Dkt. No. 36, Adendum to the SAC at ¶ 13  This is the extent of Liso's conduct---which could hardly be considered violative of one's SHRL or CHRL rights.  Not once in Plaintiff's

complaint was Liso alleged to have made any comments about Plaintiff's race, or even that she participated in any alleged discriminatory conduct based on race. Plaintiff also never alleges that Liso directly supervised Plaintiff's employment or had any power to do more than carry out the personnel decisions of others. Indeed, Plaintiff acknowledges that Liso was merely another teacher at Plaintiff's school. See ECF Dkt. No. 36, Adendum to the SAC at ¶ 5.

As with Liso, Plaintiff fails make any allegations that attribute liability to Yesnick as individual employees under the SHRL and the CHRL. The conduct complained of involves negative performance ratings that Yesnick gave to Plaintiff as well as an alleged unjustified disciplinary letter, and Yesnick's relationship with Liso. However, as discussed in greater detail below in Point IV, Plaintiff fails to provide any facts that would suggest the aforementioned actions were discriminatory in any way or rose to the level of actionable adverse employment actions, with the exception of the decision to discontinue her probationary employment.

Finally as to Diaz-Lenz, Plaintiff fails to provide a factually basis to support attributing liability to him. Aside from the few times Diaz-Lens allegedly ignored Plaintiff and belittled her in front of a student, and then by declining to nominate her for tenure, there is no other discriminatory conduct alleged as to the Plaintiff. Diaz-Lens's occasional actions of ignoring and belittling Plaintiff are nothing more than "petty slights" that are not actionable under the law. See Leehim v. New York City Dep't of Educ., 17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *11 (S.D.N.Y. Nov. 21, 2017). And without identifying comparators, Plaintiff has not plausibly alleged a discrimination claim simply based upon being told she cannot be nominated for tenure. Accordingly, like Yesnick and Liso, Diaz-Lens cannot be liable under the SHRL or CHRL.

Accordingly, this Court should dismiss all Title VII, SHRL, and CHRL claims against Yesnick, Liso and Diaz-Lenz.

**POINT IV**

**THE SECOND AMENDED COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM UNDER FEDERAL, STATE, AND LOCAL LAW**

**A.  Standard Of Review On A Motion To Dismiss Pursuant To FRCP 12(b)(6)**

In the context of an employment discrimination complaint, the "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in the first stage of the litigation." See Littlejohn v. City of New York, 795 F.3d 297 at 310 (2d Cir. 2015). In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." See id. Thus, although the Court is obliged to construe Plaintiff's pleadings liberally, to survive a motion to dismiss, a pro se plaintiff must still plead sufficient facts to state a claim that is plausible on its face. See Lipsman v. Cortés-Vázquez, No. 21-CV-4631 (JMF), 2021 U.S. Dist. LEXIS 234203, at *2-3 (S.D.N.Y. Dec. 7, 2021); accord Green v. McLaughlin, 480 Fed. App'x 44, 46 (2d Cir. 2012) (summary order).

**B.  Plaintiff Fails To State A Claim For Disparate Treatment Under Title VII, The SHRL And The CHRL**

Everett fails to plausibly plead that she was subjected to an actionable adverse employment action (with the exception of the decision to discontinue her probationary

employment at P.S. 63) or that the conduct about which she complains occurred under circumstances giving rise to even a minimal inference of discriminatory animus. See Littlejohn v. City of N.Y., 795 F.3d at 311 (2d Cir. 2015). Claims of disparate treatment under Title VII, the SHRL, and the CHRL are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (Title VII); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629 (1997) (SHRL); Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112-13 (1st Dep't 2012) (noting the continued applicability of the McDonnell Douglas framework in analyzing discrimination claims under CHRL).

To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) [she] is a member of a protected class; (2) [she] was qualified for the position he held; (3) [she] suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." See Ruiz, 609 F.3d at 491-92. "[A] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 Fed. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013)). For an employment action to be considered materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. Materially adverse actions include, "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Galabya., 202 F.3d at 640. Under the CHRL's more liberal standard, Plaintiff needs to show that " [she][was] treated less well than other

employees because of [her] race….” <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 110 (2d Cir. 2013).

Plaintiff's disparate treatment claims fail. Plaintiff mainly claims that she was made fun of, ignored, excluded from meetings, and alienated from other teachers. <u>See</u> ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 7,8,12,17a-d, 38, 39. First, “[e]xclusion from meetings. . . . does not constitute an adverse employment action.” <u>Leehim</u>, 2017 U.S. Dist. LEXIS 192747, at *9. Ignoring also amounts to nothing more than a “petty slight,” and is not an adverse employment action. <u>Id.</u> at 10; <u>see also</u> <u>Boyar v. Yellen</u>, No. 21-507, 2022 U.S. App. LEXIS 1005, at *6-7 (2d Cir. Jan. 13, 2022) (allegations that plaintiff's supervisor (1) told him to go back to his desk or she would “[w]ring [his] neck”; (2) yelled at him demanding his employee identification number “now”; (3) ignored him at a meeting; (4) yelled at him “very loudly”; and (5) told him he had 90 minutes to complete two certification exams, when he had 60 minutes to complete each did not rise to the level of actionable employment actions or a hostile work environment). Nor does a disciplinary letter rise to the level of adverse employment actions under either Title VII or the SHRL. <u>See</u> <u>Bernstein v. NY City Dept. of Educ.</u>, No. 19-cv-11816 (LJL), 2020 U.S. Dist. LEXIS 209365, at *17 (S.D.N.Y. Nov. 9, 2020) (“[A] . . . reprimand is not considered an adverse employment action ‘absent some accompanying adverse result such as demotion, diminution of wages, or other tangible loss.’”).

Additionally, the negative observation ratings Plaintiff received at P.S. 31, do not constitute adverse employment actions, since she has not alleged a loss of benefits or significantly diminished responsibilities. <u>See</u> <u>Atkins v. Rochester City Sch. Dist.</u>, 764 Fed. Appx. 117, 119 (2d Cir. 2019); <u>Fairbrother v. Morrison</u>, 412 F.3d 39, 56-57 (2d Cir. 2005) (collecting cases and concluding that an “unsatisfactory” evaluation with no negative impact on

compensation, benefits, or title was not an adverse employment action), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). Plaintiff's complaint is devoid of any facts that she received a less distinguished title, a material loss of benefits, or that she even received a decrease in wage or salary because of the fact that she was yelled at, ignored, or even given negative observation ratings. Id. Therefore, Plaintiff's claims based on negative observation ratings fail.

Plaintiff has not plausibly alleged facts tending to show that the putative adverse employment actions were motivated by racial animus. Plaintiff must show, which she cannot do, that she was treated less favorably than a similarly situated employee, and such allegations must demonstrate that the other employee was "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'" Newsome v. IDB Capital Corp., No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754, at *45-46 (S.D.N.Y. 2016) (citing McGuinness v. Lincoln Hall, 262 F.3d 49, 54 (2d Cir. 2001)); see also Ellis v. N.Y. Dep't of Educ., No. 19 Civ. 1441 (LAP), 2020 U.S. Dist. LEXIS 42446, *9 (S.D.N.Y. Mar. 11, 2020) ("a plaintiff must allege that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (citations and quotations omitted). Such an inference can arise from circumstances including "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse action]." Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015) (quoting Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)).

Plaintiff presents no direct evidence that Defendants discriminated against her based on her race. Plaintiff however, treats race neutral, non-party statements as if they are direct evidence of discrimination. See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 8, 9, 47. For instance, Plaintiff alleges that Ms. Stengel stated that she hated her class, which according to Plaintiff is primarily made up of students of color. See ECF Dkt. No. 36, Addendum to the SAC at ¶ 47. Plaintiff also alleges that Liso and Yesnick made a comment about wanting to know what her hair really looked like, and the fact they made fun of how Plaintiff dragged her words. See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 7, 9. Comments made concerning Plaintiff's hair or speech, and Ms. Stengel's comment about hating her class which is primarily made up of students of color, are all race neutral comments; Plaintiff has provided no other context to show that somehow these statements are "coded racism" and therefore those statements cannot be the basis for an inference of discrimination. See Mauro v. NY City Dept. of Educ., No. 19-CV-04372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 233735, at *13 (S.D.N.Y. Dec. 10, 2020).

Plaintiff has not pleaded that Defendants have criticized her performance in ethnically degrading terms or that there were "invidious comments" made about black teachers at P.S. 31 or P.S. 63. Plaintiff has also not alleged that teachers outside of her protected group were sufficiently similar to her but yet were given more opportunities than her, more favorable ratings, or any kind of other favorable treatment.

Plaintiff alleges that Defendants falsely claimed that an African American kindergarten-second grade literacy coach at P.S. 31, Ms. Purvis was useless, and doesn't know what she is doing. See ECF Dkt. No. 36, Addendum to the SAC at ¶ 13. According to Plaintiff, similar behavior was displayed at P.S. 63 when Ms. Stengel ignored Ms. Brady by looking at her phone while Ms. Brady was conducting a meeting, and by commenting "I don't understand why

we have to use Brady to help us with guided reading . . . she can't do anything for me." See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 42, 48. There were no allegations that Defendants made any comments pertaining to Ms. Purvis or Ms. Brady's race, or that their performance was somehow related to their race. Plaintiff provides no facts whatsoever showing that Defendants acted in a discriminatory manner toward Ms. Purvis or Ms. Brady or even that that conduct was probative of discrimination toward Plaintiff.

Plaintiff also alleges that Yesnick criticized her and compared her to Liso during meetings regarding her observations while employed with P.S. 31. Plaintiff claims that on December 3, 2019, Yesnick "disregarded" her expertise as an educator and compared her to the white teacher Ms. Liso by saying the following statement, maybe teaching is not for you, and you're lucky you have someone, poor Ms. Liso has no one. . . ." See ECF Dkt. No. 36, Addendum to the SAC at ¶ 16. Plaintiff fails to show how Liso and Plaintiff were similarly situated and that Liso received more favorable treatment. In essence, Plaintiff's evidence of racial animus amounts to mere speculation and subjective belief. Her reasoning boils down to the false syllogism: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." See Singer v. N.Y.C. Health & Hosps. Corp., No. 18-cv-6356 (BMC), 2020 U.S. Dist. LEXIS 96752, at *18 (E.D.N.Y. June 2, 2020).

Although Defendants concede that Plaintiff's termination amounts to an adverse employment action, Plaintiff has not plausibly alleged that she was terminated because of her race. According to Plaintiff, Ms. Denny was terminated because she was not the right fit for the school, a facially neutral reason but which Plaintiff speculates to mean that "she was not the right color." See ECF Dkt. No. 36, Addendum to the SAC at ¶ 55. Plaintiff's only factual support is

that she was terminated although two white special education teachers who had less seniority than Ms. Denny remained at P.S. 63.  See ECF Dkt. No. 36, Addendum to the SAC at ¶ 56.  However, Plaintiff makes no mention of how Ms. Denny performed as a special education teacher as compared to the two white teachers that remained, and whether they were even subject to the same performance standards, which makes it very difficult to show that these employees were "similarly situated in all respects."  See Mauro, 2020 U.S. Dist. LEXIS 233735, at *14.  Plaintiff even admits Ms. Denny received ineffective ratings for a formal observation which took place January 2022, indicating Ms. Denny likely had some performance problems which could have been the reason for her termination from P.S. 63.  See ECF Dkt. No. 36, Addendum to the SAC at ¶ 36.  As further support of race discrimination, Plaintiff also states she was terminated although she received Effective ratings for both the 2020-2021 and 2021-2022 school years.  See ECF Dkt. No. 36, Addendum to the SAC at ¶57.  However, Plaintiff fails to show that other teachers outside her protected class were judged by the same performance standards, received the same ratings, but were permitted to remain at the school.  Plaintiff fails to "identify the similarly situated employees with some specificity."  Desrosiers v. Summit Sec. Servs., No. 21-CV-10941 (JPO), 2022 U.S. Dist. LEXIS 192512, at *7-8 (S.D.N.Y. Oct. 21, 2022).  Therefore, her disparate treatment claim should be dismissed.  Id. ("When a disparate treatment claim is 'entirely devoid of any details regarding the purported comparators . . . dismissal is often appropriate.").

Plaintiff goes to great lengths to allege that certain seemingly innocent actions and comments made by Ms. Stengel, a co-working teacher at her school, demonstrate discriminatory animus against Plaintiff and others in her protected class.  First, Plaintiff fails to allege that Ms. Stengel directed racial epithets toward Plaintiff or any other African American teacher at P.S. 63.

None of the examples of "not paying attention" to Plaintiff or other putative examples of "disrespect" amount to anything more than a personal perception by Plaintiff that she was being slighted by this co-worker.  However, Plaintiff's personal perceptions, without more, do not state a claim of a racial discriminatory work environment.  See Witek v. City of N.Y., No. 12-CV-981 (CBA), 2019 U.S. Dist. LEXIS 229703, at *31 (E.D.N.Y. Mar. 11, 2019) (a "plaintiff's speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn.") (quoting Smalls v. Allstate Ins. Co., 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005)), aff'd, 807 Fed. Appx. 52 (2020); Bickerstaff v. Vassar College, 196 F.3d 435, 456 (2d Cir. 1999) (feelings and perceptions of being discriminated against are not evidence of discrimination), cert. denied, 530 U.S. 1242 (2000); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80-81 (1998) (The anti-discrimination laws are not "a general civility code," and they do "not prohibit all verbal or physical harassment in the workplace," only that which is motivated by specified improper considerations.)

Further, Plaintiff has failed to allege facts showing how Stengel's behavior should be imputed to the Defendants.  Defendants should not be held liable for Ms. Stengel's conduct as Plaintiff cannot show that Defendants were aware of or reasonably should have known about Ms. Stengel's alleged conduct, but they failed to "take proper remedial action."  See Cowan v. City of Mount Vernon, No. 14-CV-8871(KMK), 2017 U.S. Dist. LEXIS 45812, at *15-16 (S.D.N.Y. Mar. 28, 2017).  Nevertheless, Ms. Stengel is not named as a defendant in the lawsuit, and so her comments about Plaintiff and another black teacher in the school are not indicative of any discrimination toward Everett by the Defendants.  See Ramirez v. Michael Cetta Inc., No. 19-cv-986(VEC), 2020 U.S. Dist. LEXIS 180619, at *20 (S.D.N.Y. Sept. 30, 2020) ("remarks uttered

exclusively by coworkers with no purported connection to any employment action, they are minimally, if at all, probative of Defendant's alleged discriminatory intent.").

Even under the liberal standard of CHRL, Plaintiff still fails to show that the actions about which she complains of demonstrate that she was treated less well than other employees because of her race.  See MacAlister v. Millenium Hotels & Resorts, No. Civ. 6189 (ER), 2018 U.S. Dist. LEXIS 191775 at *21 (S.D.N.Y. Nov. 8, 2018).  Aside from alleging that some of her white colleagues were permitted to remain at P.S. 63, while she was terminated from P.S. 63, Plaintiff does not provide information or examples of situations where she was treated less well than similarly situated white colleagues.  Id. at 22.  She does not compare herself in any substantive manner to any other white teacher at P.S. 31 or P.S. 63, so one cannot tell from the complaint whether Liso or any other white teacher was treated better than Plaintiff because of race.

## C.    Plaintiff Fails To State A Plausible Claim For Retaliation Under Title VII, The SHRL And The CHRL

Plaintiff fails to state a plausible claim for retaliation under Title VII, the SHRL, and the CHRL.  To adequately plead a prima facie case of retaliation under Title VII or SHRL[3], a plaintiff must plausibly demonstrate that (1) [t]he [employee] engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse action; and (4) the protected activity was the but-for cause of the alleged adverse employment action.  See Chung v. City Univ. of N.Y., No. 12 Civ. 4045 (GBD) (RLE), 2014 U.S. Dist. LEXIS 124601, at *7-8 (S.D.N.Y. Aug. 27, 2014) (citing Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 844 (2d Cir. 2013)).  Under Title VII and the SHRL, a retaliation plaintiff must show that the challenged

---

[3] Retaliation claims under SHRL are also governed by the standard set forth by the Supreme Court in McDonnell Douglas Corp. v Green.  See McGuire-Welch v House of the Good Shepherd's Tilton Sch., 720 Fed. App'x 58 (2d Cir. 2018).

action must be "materially adverse," but not trivial, defined as an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 67-70 (2006).

Unlawful retaliation claims under the CHRL are analyzed under a similar rubric. The plaintiff "must show (1) he or she engaged in a protected activity as that term is defined under the CHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct." See Ortiz v. Ardolino, No. 19-CV-0069 (ILG)(ST), 2021 U.S. Dist. LEXIS 97387, at *9 (E.D.N.Y. May 21, 2021).

To sufficiently plead causation under Title VII or the SHRL, a plaintiff "must plausibly allege that the retaliation was a 'but for' cause of the employer's adverse action." See Vega, 801 F.3d at 90 (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013)). A causal connection may be established either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000) (citation omitted). In contrast, under the CHRL, a plaintiff is not required to show but-for causation. A plaintiff must show that defendants engaged in some prohibited conduct and that their decision to do so was "caused at least in part by . . . retaliatory motives." See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 76 (2d Cir. 2015).

In the instant case, Plaintiff fails to state a plausible retaliation claim because she has failed to allege an adverse action and the alleged retaliatory acts are far too attenuated in time to suggest retaliation. Plaintiff alleges that she engaged in protected activity when she filed her SDHR complaint against the New York City Department of Education on January 6, 2021, and when she filed her federal complaint alleging discrimination, retaliation and hostile work environment claims in August 19, 2021. See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 22, 25. With respect to alleged retaliatory acts by the Defendants, Plaintiff alleges the following: (1) that she was retaliated against by having her tenure extended at P.S. 63 at the end of the 2020-2021 school year and (2) that she was terminated from her position as a kindergarten teacher at P.S. 63. See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 23, 57.

Plaintiff's retaliation claims fails under all of the statutes alleged in this action. First, Plaintiff claims that since she filed her SDHR complaint she experienced retaliation by having her tenure extended in her new school P.S. 63 at the end of the 2020-2021 school year. See ECF Dkt. No. 36, Addendum to the SAC at ¶ 23. There is nothing to suggest in Plaintiff's federal complaint, however, that the principal of P.S. 63, her new school, was aware that she filed an SDHR complaint—a prerequisite to establishing a retaliation claim. See Peas v. City of New York, No. 19 Civ. 7693 (KPF), 2021 U.S. Dist. LEXIS 120030, at *42 (S.D.N.Y. June 28, 2021) (concluding that Plaintiff failed to state a retaliation claim because he did not adequately allege relevant Defendants' knowledge of protected activity or causal connection). Second, having her probation extended, where there is no allegation of reduced pay or any other consequence, is not capable of "dissuading a reasonable worker from making or supporting a charge of discrimination." Diaz v. Poly Prep Day Sch., No. 21-cv-06611 (BMC), 2022 U.S. Dist. LEXIS 126901, at *26 (E.D.N.Y. July 18, 2022). In fact, while Plaintiff's probation was

extended she still received an effective annual rating for the 2020-2021 school year.  See ECF Dkt. No. 36, Addendum to the SAC at ¶ 23.  Surely, same pay, same position and effective annual ratings would not be sufficient conduct to deter a person from engaging in protected activity under the CHRL.

Defendants concede that Plaintiff's termination from P.S. 63 is an adverse action in the retaliation context.  Assuming *arguendo* that the extension of Plaintiff's probation at P.S. 63 is an actionable materially adverse employment action, Plaintiff has failed to show that the protected activities, specifically the filing of the SDHR complaint in January of 2021 and the federal complaint in August of 2021, were the but-for cause (or even a motivating factor) of the alleged adverse employment actions.  In both instances, Plaintiff fails to show any "direct evidence of retaliatory animus."  Peas, 2021 U.S. Dist. LEXIS 120030 at 43.  Further, Plaintiff filed the SDHR complaint at least five months before the alleged retaliatory act of extending tenure, and over a year before her termination from P.S. 63, too far to be considered the but for cause of the alleged retaliatory act.  See Brown v. City of New York, No. 14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 159202, at *4 (S.D.N.Y. Nov. 11, 2014) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.").  For the same reasons, Plaintiff's retaliation claim based on her termination also fails because the termination happened over a year after she filed the SDHR complaint and ten months after she filed her federal complaint.  The termination could not possibly have occurred in retaliation of Plaintiff's protected activities.  See Sealy v State Univ. of NY, 834 F App'x 611, 614 (2d Cir. 2020) ("Indeed, we have held that adverse employment actions occurring

approximately three months after protected activity are too attenuated to give rise to an inference of retaliation.").

It is well settled that, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." See Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001). Accordingly, where discipline began before an employee's protected activity and the employee's poor performance continued after the protected activity, the continuation and even gradual escalation of discipline cannot support a retaliation claim. See also Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 129 (1st Dep't 2012) ("An "employer's continuation of a course of conduct that had begun before the employee complained does not constitute retaliation because, in that situation, there is no causal connection between the employee's protected activity and the employer's challenged conduct.")

As such, Plaintiff's allegations fail to meet the requisite elements to state a plausible retaliation claim under Title VII, the SHRL or the CHRL. Thus, these claims must be dismissed in their entirety.

**D.    Plaintiff Fails To State A Claim For A Hostile Work Environment Claim Under Title VII, The SHRL And The CHRL**

Plaintiff has also failed to plead facts to sustain a hostile work environment claim. Traditionally, to establish a hostile work environment claim under either Title VII or the SHRL, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." See Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002). Courts must look at the totality of the circumstances to determine whether an environment is "hostile" or "abusive" and should consider the following exclusive list of factors: (1) the frequency of the discriminatory

conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's "work performance." See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). The Second Circuit has held, "a plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." See Brennan v. Metropolitan Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999).

On October 11, 2019, the New York legislature amended the SHRL to remove the "severe and pervasive" standard. See Tortorici v. Bus-Tev, LLC, No. 17-cv-7507 (PAC) (KHP), 2021 U.S. Dist. LEXIS 120627, at *30 (S.D.N.Y. June 28, 2021)(citing N.Y. Exec. Law § 300). Under this new standard, plaintiffs must show that they were subject to "inferior terms, conditions, or privileges of employment because of the individual's membership in or more protected categories." Id. Even under the new standard, it is "axiomatic that a hostile work environment claim is only actionable when it occurs because of an employee's [race], or other protected characteristic. See Carrington v. New York City Human Res. Admin., No. 19 Civ. 10301, 2020 U.S. Dist. LEXIS 83838, at 15* (S.D.N.Y. May 12, 2020).

Plaintiff's allegations fail to plausibly plead that she was subjected to "inferior terms, conditions, or privileges of employment because of" her race. Plaintiff alleges that Defendants made several statements—statements that are racially neutral on their face—and provides no basis to infer that these statements and/or conduct are indeed discriminatory. Diaz, 2022 U.S. Dist. LEXIS 126901 at *23. For instance, on January 19, 2018, Plaintiff alleges that Liso allegedly made fun of how Plaintiff spoke by saying "you talk different." See ECF Dkt. No. 36, Addendum to the SAC at ¶ 7. She also claims that on January 22, 2018, Liso also made fun of her speech by dragging her words and on another occasion Liso made a comment about

Plaintiff's hair.  Id.  The aforementioned statements concerning Plaintiff's speech and hair are vague.  With no additional information, such as the context upon which these statements were made, or even frequency these statements were made, these statements are insufficient to support a hostile work environment claim based on race.  See Bamba v. United States Dept. of Homeland Sec.-FPS, No. 19cv8646 (LJL) (DF), 2021 U.S. Dist. LEXIS 153198, at *21 (S.D.N.Y. Aug. 13, 2021).  There is no indication from these statements alone that Liso was being racist by saying Plaintiff "dragged" her words or the comment about what Plaintiff's hair really looks like. Plaintiff alleges no connection as to these comments and her race or how these comments are racist. And considering these comments were made approximately on three occasions out of nearly a three year time period at P.S. 31, these incidents are hardly severe or pervasive to create a hostile work environment.

Plaintiff alleges Defendants (in P.S. 31 and P.S. 63) excluded her and ignored her because of her race.  On March 13, 2019, at a math workshop, Plaintiff was allegedly ignored, and she overheard Yesnick and Liso state that Ms. Purvis, a Black teacher at PS/MS 31, "was useless and didn't know what she was doing.  See ECF Dkt. No. 36, Addendum to the SAC at ¶ 13.  Plaintiff also claims that Liso and Yesnick excluded her, and disregarded a black literacy coach but "always showed respect" to a white elementary math coach.  See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 14, 19-20.  At P.S. 63, Plaintiff alleges Reinaldo Diaz-Lens ignored her in several instances and belittled her in front of one of her kindergarten students.  See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 30, 31, 33, 49.  Plaintiff also alleges that a non-party, white general education teacher by the name of Julie Stengel would often prevent her and another black teacher, Halcyone Denny, from talking to other kindergarten teachers.  See ECF Dkt. No. 36, Addendum to the SAC at ¶¶ 38-39.  Being ignored by coworkers and excluded from

two meetings, do not constitute a hostile work environment claim.  See <u>Sotolongo v. NY State</u> <u>DMV</u>, No. 19-CV-3282 (NGG) (VMS), 2020 U.S. Dist. LEXIS 131033, at *13 (E.D.N.Y. July 22, 2020) (dismissing hostile work environment claim when Plaintiff alleges she was excluded from meetings and parties and ignored by her coworkers).  To the extent Plaintiff alleges that the negative ratings she received during the 2019-2020 school year from Yesnick constitutes a hostile work environment, Plaintiff is misguided as negative performance ratings received on only one occasion does not create a conduct severe or pervasive enough to create a hostile work environment.  See <u>Rivera v. Bd. of Educ.</u>, No. 19 Civ. 11624, 2020 U.S. Dist. LEXIS 239633, at *24-25 (S.D.N.Y. Dec. 21, 2020).  In the instant case, Plaintiff did not allege that the Defendants engaged in any threatening or humiliating behavior toward her because of her race.  Plaintiff did not allege that Defendants used any racial slurs or epithets toward her.  Plaintiff did not allege that any conduct unreasonable interfered with her work performance.  Critically, Plaintiff fails to show that any of the complained of conduct was done because she is black.

Plaintiff has also failed to allege that she was subject to "inferior terms, conditions, or privileges of employment because of her protected characteristic."  Plaintiff has not shown in her SAC that the exclusion from meetings, being ignored, or given negative performance ratings, all of which happened sporadically during the five years that she was employed by the DOE amounts to inferior terms and conditions of employment because of her race.  Consequently, even under the more lenient SHRL standard, Plaintiff's hostile work environment claim still fails.

Plaintiff's claim also fails under the more liberal CHRL rubric, which only requires Plaintiff to adduce evidence of being treated "less well, at least in part for a discriminatory reason" to set forth a plausible hostile work environment claim.  See <u>Moore v.</u>

<u>Verizon</u>, No. 13-CV-6467 (RJS), 2016 U.S. Dist. LEXIS 16201 at *35-36 (S.D.N.Y. Feb. 5, 2016). There are no allegations in the complaint that demonstrate that the Defendants ignored and excluded or made remarks about Plaintiff because of race. The Defendants' actions can be characterized as nothing more than "petty slights and trivial inconveniences." <u>Mihalik</u>, at *111. In sum, Plaintiff has not advanced any allegation that any actions taken against her were taken because of her race. Consequently, Plaintiff's hostile work environment claim must also be dismissed as it is not plausibly pleaded.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss the Second Amended Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           December 12, 2022

> **HON. SYLVIA O. HINDS-RADIX**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street, Room 2-146
> New York, New York 10007
> (212) 356-2475
> krhau@law.nyc.gov
>
> By:     */s/ Karen K. Rhau*
> _____
>         Karen K. Rhau
>         Assistant Corporation Counsel

Bruce Rosenbaum,
Karen K. Rhau,
  Of Counsel.