UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

STEPHANIE N. EVERETT,

                                        Plaintiff,                    **ANSWER**

                    -against-                                         Docket No. 21-cv-07043 (JPC)

New York City Department of Education; Katina
Yesnick, Assistant Principal of P.S./M.S. 31;
Angela Liso, teacher at P.S./M.S. 31; and Reinaldo
Diaz-Lens, Principal of P.S. 63

                                        Defendants.
------------------------------------------------------------- x

        Defendants New York City Department of Education ("DOE") and Reinaldo

Diaz-Lens (Diaz-Lens") (collectively "City Defendants")[1], by and through their attorney, **HON.**

**SYLVIA O. HINDS-RADIX**, Corporation Counsel of the City of New York, as and for their

Answer to the Second Amended Complaint, respectfully allege as follows:

        IA. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "IA" of the second amended complaint.

        IB. Admit the allegations set forth in paragraph "IB" of the second amended

complaint.

        II. Admit the allegations set forth in paragraph "II" of the second amended

complaint.

        IIIA. Deny the allegations set forth in paragraph "IIIA" of the second amended

complaint, except admit that Plaintiff purports to proceed as set forth therein.

---

[1] All claims have been dismissed as to Defendants Katina Yesnick and Angela Liso.  See ECF
Dkt. No. 59 at pp 1, 2.

IIIB. Deny the allegations set forth in paragraph "IIIB" of the second amended complaint, except admit that Plaintiff purports to proceed as set forth therein.

IVA. Deny the allegations set forth in paragraph "IVA" of the second amended complaint, except admit that Plaintiff was excessed from P.S. 31.

IVB. As there are no factual allegations set forth in paragraph "IVB" of the second amended complaint, no response is required.

V. Deny the allegations set forth in paragraph "V" of the second amended complaint, except admit that the EEOC received Plaintiff's charge on January 12, 2021, and that a Notice of Right to Sue was issued dated July 28, 2021, except deny knowledge or information sufficient to form a basis of belief as to when Plaintiff received the Notice of Right to Sue.

VI. Deny the allegations set forth in paragraph "VI" of the second amended complaint, except admit that Plaintiff purports to proceed as set forth therein.

VII. As there are no factual allegations set forth in paragraph "VII" of the second amended complaint, no response is required except admit that Plaintiff purports to proceed as set forth therein.

1. Admit the allegations set forth in paragraph "1" of the addendum to the second amended complaint.

2. Deny knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "2" of the addendum to the second amended complaint, except admit that Plaintiff self-identifies as of the black race.

3. Admit the allegations set forth in paragraph "3" of the addendum to the second amended complaint.

4.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "4" of the addendum to the second amended complaint.

5.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso.  <u>See</u> ECF Dkt. No. 59 at p. 2.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "5" of the addendum to the second amended complaint.

6.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "6" of the addendum to the second amended complaint.

7.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10, 29.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "7" of the addendum to the second amended complaint.

8.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt.

No. 59 at pp. 2, 10, 29.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "8" of the addendum to the second amended complaint.

9.      The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10, 30.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "9" of the addendum to the second amended complaint.

10.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, , and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "10" of the addendum to the second amended complaint.

11.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims <u>See</u> ECF Dkt. No. 59 at pp. 2, 10 29.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "11" of the addendum to the second amended complaint.

12.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "12" of the addendum to the second amended complaint.

13.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "13" of the addendum to the second amended complaint.

14.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "14" of the addendum to the second amended complaint.

15.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal disparate treatment, retaliation, and hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "15" of the addendum to the second amended complaint.

16.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "16" of the addendum to the second amended complaint.

17.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020,

as well as Plaintiff's federal disparate treatment, retaliation, and  hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "17" of the addendum to the second amended complaint.

17a. The Court granted Defendants' motion to dismiss all claims against Katina Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims. <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "17a" of the addendum to the second amended complaint.

17b. The Court granted Defendants' motion to dismiss all claims against Katina Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims. <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "17b" of the addendum to the second amended complaint.

17c. The Court granted Defendants' motion to dismiss all claims against Katina Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as well as Plaintiff's federal hostile work environment claims. <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the allegations set forth in in paragraph "17c" of the addendum to the second amended complaint.

17d. The Court granted Defendants' motion to dismiss all claims against Katina Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before

March 12, 2020, as well as Plaintiff's federal hostile work environment claims.
<u>See</u> ECF Dkt. No. 59 at pp. 2, 10.  Accordingly, there is no need to respond to the
allegations set forth in in paragraph "17d" of the addendum to the second
amended complaint.

18.     The Court granted Defendants' motion to dismiss all claims against Katina
Yesnick, and the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020,
as well as Plaintiff's federal hostile work environment claims.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10.
Accordingly, there is no need to respond to the allegations set forth in in paragraph "18" of the
addendum to the second amended complaint.

19.     The Court granted Defendants' motion to dismiss all claims against Katina
Yesnick, the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as
well as Plaintiff's federal hostile work environment claims, and all state and city human rights
law claims against Defendant DOE.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10, 30.  Accordingly, there is
no need to respond to the allegations set forth in in paragraph "19" of the addendum to the
second amended complaint.

20.     The Court granted Defendants' motion to dismiss all claims against Katina
Yesnick, the Court dismissed Plaintiff's federal claims that accrued before March 12, 2020, as
well as Plaintiff's federal hostile work environment claims, and all state and city human rights
law claims against Defendant DOE.  <u>See</u> ECF Dkt. No. 59 at pp. 2, 10, 29.  Accordingly, there is
no need to respond to the allegations set forth in in paragraph "20" of the addendum to the
second amended complaint.

21.     Deny the allegations set forth in paragraph "21" of the addendum to the
second amended complaint, except admit Plaintiff was excessed form P.S./M.S 31 in the summer

of 2020, was interviewed by Assistant Principal Eunice Lindenberg, who self-identifies as being of Dominican descent, and Ms. Phyllis Berkofsky, who were both 3K and UPK supervisors at the time, and was hired to teach kindergarten at P.S. 63, a District 9 school in the Bronx, N.Y. during the 2020-2021 and 2021-2022 school years.

   22. Deny the allegations set forth in paragraph "22" of the addendum to the second amended complaint, except admit that the New York State Division of Human Rights ("SDHR") received Plaintiff's complaint on or about January 12, 2021, and Defendant DOE filed a response to Plaintiff's SDHR complaint on or about March 18, 2021.

   23. Deny the allegations set forth in paragraph "23" of the addendum to the second amended complaint, except admit that Plaintiff received an "effective" annual rating for the 2020-2021 school year.

   24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the addendum to the second amended complaint, except admit that there is a Dismissal and Notice of Rights issued bearing Plaintiff's name and dated July 28, 2021.

   25. Deny the allegations set forth in paragraph "25" of the addendum to the second amended complaint, except admit that Plaintiff filed her complaint on August 19, 2021 naming the New York City Department of Education, Katina Yesnick and Angelo Liso as defendants.

   26. Deny the allegations set forth in paragraph "26" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's certain moments at district 9 as compared to her experiences at P.S. 31.

27.     Admit the allegations set forth in paragraph "27" of the addendum to the second amended complaint.

28.     Admit the allegations set forth in paragraph "28" of the addendum to the second amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the addendum to the second amended complaint, except admit that Julie Stengel is a teacher at P.S. 63 and self-identifies as Caucasian.

30.     Deny the allegations set forth in paragraph "30" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time and day Plaintiff entered the school building, what Diaz-Lens said to the security guard, what Plaintiff observed Ms. Stengel and Diaz-Lens to be doing.

31.     Deny the allegations set forth in paragraph "31" of the addendum to the second amended complaint except deny knowledge or information sufficient to form a belief as to whether Defendant Diaz-Lens and Ms. Osei observed Plaintiff in an interactive read aloud lesson, whether Ms. Osei said positive things to Plaintiff, and whether or not Diaz-Lens provided feedback to Plaintiff.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the addendum to the second amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Mercedes.

34.     Deny the allegations set forth in paragraph "34" of the addendum to the second amended complaint.

35.     Deny the allegations set forth in paragraph "35" of the addendum to the second amended complaint, except admit that Ms. Denny was a special education teacher for kindergarten/first grade bridge class.

36.     Deny the allegations set forth in paragraph "36" of the addendum to the second amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the addendum to the second amended complaint, except admit Mr. Lothian observed Ms. Denny in or about October of 2019 and gave her an effective rating, he self-identifies as African-American, was a math coach before being an assistant principal, and he left P.S. 63 to become a principal at another school in District 9.

38.     Deny the allegations set forth in paragraph "38" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Ms. Stengel influenced other kindergarten teachers to not socialize with Plaintiff and Ms. Denny, and admit that Julie Stengel was the general education teacher for the kindergarten ICT classroom and the grade team leader for kindergarten, who worked at home giving online instruction during the 2020-2021 school year and did in person instruction for the 2021-2022 school year.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "39" of the addendum to the second amended complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "40" of the addendum to the second amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to what teachers would do when Ms. Stengel was or was not present, or whether Ms. Stengel would contact Defendant Diaz-Lens.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "42" of the addendum to the second amended complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "43" of the addendum to the second amended complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "44" of the addendum to the second amended complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of the allegations set forth in paragraph "45" of the addendum to the second amended complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of  the allegations set forth in paragraph "46" of the addendum to the second amended complaint.

11

47.     Deny the allegations set forth in paragraph "47" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the truth of the allegations concerning Ms. Stengel's statement, the date and time as to when she made that statement, and the alleged reaction of other teachers to Ms. Stengel's statement.

48.     Deny the allegations set forth in paragraph "48" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to whether Ms. Stengel refused to work with or disregarded Julian Brady and any purported statements made by Ms. Stengel.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the truth of the allegations set forth in paragraph "49" of the addendum to the second amended complaint.

50.     Deny the allegations set forth in paragraph "50" of the addendum to the second amended complaint.

51.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the addendum to the second amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the addendum to the second amended complaint except deny knowledge or information sufficient to form a belief as to Plaintiff's allegations concerning what was said by her UFT chapter leader, and respectfully refer the Court to the cited agreement for a complete and accurate statement of its contents.

53.     Deny the allegations set forth in paragraph "53" of the addendum to the second amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the addendum to the second amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the addendum to the second amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the addendum to the second amended complaint, except admit that Mr. Panas, and Mr. Rosenberg are two special education teachers who self-identify as white and who were at P.S. 63 for less time than Ms. Denny.

57.     Deny the allegations set forth in paragraph "57" of the addendum to the amended complaint, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents, and admit Plaintiff received Effective ratings for both the 2020-2021 and 2021-2022 school years.

58.     Deny the allegations set forth in paragraph "58" of the addendum to the second amended complaint, except deny knowledge or information sufficient to form a belief as to the whether Ms. Denny and Plaintiff received a letter from the Superintendent of Community School District 9, Harry Sherman, on the same day, and admit Michael Olivier self identifies as White.

59.     Deny the allegations set forth in paragraph "59" of the addendum to the second amended complaint.

60.     Deny the allegations set forth in paragraph "60" of the addendum to the second amended complaint.

61.     The Court granted Defendants' motion to dismiss all claims against Katina Yesnick and Angela Liso.  See ECF Dkt. No. 59 at pp. 2.  Accordingly, there is no need to

respond to the allegations set forth in in paragraph "61" of the addendum to the second amended complaint addendum to the concerning treatment by Yesnick and Liso, except deny knowledge or information sufficient to form a belief as to whether Plaintiff almost suffered a nervous breakdown in 2020.

62.     Deny the allegations set forth in paragraph "62" of the addendum to the second amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the addendum to the second amended complaint, except admit that plaintiff purports to proceed as set forth therein.

## AS AND FOR A FIRST DEFENSE

64.     The addendum to the second amended complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

65.     Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.

## AS AND FOR A THIRD DEFENSE

66.     Any damages incurred by Plaintiff were a result of her own culpable or negligent conduct.

## AS AND FOR A FOURTH DEFENSE:

67.     The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus Plaintiff's claims under the New York City Human Rights Law must be dismissed.

## AS AND FOR AN FIFTH DEFENSE

68.     This action is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH DEFENSE

69.    Any claims in the complaint under Title VII which accrued more than 300 days prior to Plaintiff's filing of their charge of discrimination with the EEOC are time-barred.

## AS AND FOR AN SEVENTH DEFENSE

70.    Plaintiff unreasonably failed to take any the preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## AS AND FOR AN EIGHTH DEFENSE

71.    Defendant DOE established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory conduct.

**WHEREFORE**, Defendants respectfully request that the addendum to the second amended complaint be dismissed in its entirety, that all relief requested therein be denied, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 20, 2023

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, 2-146
                              New York, New York 10007
                              (212) 356-2475
                              krhau@law.nyc.gov

                              By:    */s/ Karen K. Rhau*
                                     _____
                                     Karen K. Rhau
                                     Assistant Corporation Counsel

To:     Stephanie Everett (By ECF AND BY MAIL)
        1113 East 215th Street
        Bronx, NY 10469

15

347-803-0903
Stef850@gmail.com
Pro Se Plaintiff

Docket No. 21-CV-07043 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE N. EVERETT

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
ET AL.,

Defendants.

### ANSWER

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-146*
*New York, N.Y. 10007*

*Of Counsel: Karen K. Rhau*
*Tel: (212) 356-2475*
*Matter No.: 2021-030699*

*Due and timely service is hereby Admitted.*

*New York, N.Y. ......................................................... , 2023*

*.................................................................................... , Esq.*

*Attorney for..........................................................................*